QUINCY CITY HOSPITAL *vs.* LABOR RELATIONS COMMISSION
& another.[1]

Suffolk. April 7, 1987. — August 17, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Labor Relations Commission. Labor.* Judicial review. *Administrative Law,*
Judicial review.

A prehearing dismissal, after investigation, by the Labor Relations Commis-
sion of a complaint by a hospital against an employees' union alleging
failure to bargain in good faith, was a "final order" within the meaning
of G. L. c. 150E, § 11, and thus was appealable pursuant to G. L. c. 30A,
§ 14. [747-748] LIACOS, J., concurring in the result, was of opinion
that the dismissal in issue did not constitute a "final order" for purposes
of G. L. c. 150E [750-752].

This court, in light of the limited nature of its review of a decision of the
Labor Relations Commission dismissing a complaint before hearing,
declined to establish fixed standards for review of all commission actions,
but, rather, stated that the standards of review under G. L. c. 30A,
§ 14, will govern only "insofar as applicable." [748-749]

The Labor Relations Commission acted within its discretion in dismissing
a hospital's complaint against an employees' union alleging that the
union had failed to bargain on the issue of employees' uniforms in good
faith, where the hospital did not allege sufficient facts to support its
claim that the union was involved in certain employees' refusal to wear
the uniforms. [749-750]

APPEAL from a decision of the Labor Relations Commission.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Richard D. Armstrong* (*Rosemary W. Spaeth* with him) for
the plaintiff.

*Jean Strauten Driscoll* for Labor Relations Commission.

HENNESSEY, C.J. Quincy City Hospital (hospital) filed a
prohibited practice charge, alleging failure to bargain in good

[1] The Hospital, Library and Public Employees Union.

faith, against the Hospital, Library and Public Employees Union, which represents maintenance department employees of the hospital. The hospital appeals from the decision of the Labor Relations Commission to dismiss the complaint. We affirm the decision of the commission.

The dispute between the hospital and the union arises from a provision of their collective bargaining agreement concerning jackets that the hospital was to provide to employees. The hospital and union representatives conferred about the supplier and style of the jackets. After the jackets were delivered, members of the bargaining unit complained about their fit and the style of lettering on them, and have apparently refused to wear them.

The hospital filed a prohibited practice charge with the commission, asserting that the union had failed to bargain in good faith. After an investigation, the commission concluded that "[t]he facts adduced at the investigation do not give the Commission probable cause to believe that the Union acted in violation of G. L. c. 150E. The style and type of jacket were selected in consultation with a Union representative, who raised no objection to the jackets. There was no evidence that the Union was involved in any way with the refusal of certain employees to wear the jackets or that such a refusal would constitute a violation of the duty to bargain in good faith."

The hospital appealed the dismissal of its complaint to the full commission, which affirmed the prior dismissal. The hospital filed this appeal pursuant to G. L. c. 150E, § 11 (1984 ed.), and G. L. c. 30A, § 14 (1984 ed.), and we transferred the case to this court on our own motion.

General Laws c. 150E, § 11, provides in part: "When a complaint is made to the commission that a practice prohibited by section ten has been committed, the commission may issue an order dismissing the complaint or may order a further investigation or a hearing thereon. The commission may dismiss a complaint without a hearing if it finds no probable cause to believe that a violation of this chapter has occurred or if it otherwise determines that further proceedings would not effectuate the purposes of this chapter. . . . Any party aggrieved

by a final order of the commission may institute proceedings for judicial review in the appeals court within thirty days after receipt of said order. The proceedings in the appeals court shall, insofar as applicable, be governed by the provisions of section fourteen of chapter thirty A."

The commission argues that its dismissal of the complaint was not a "final order," and thus is not reviewable under G. L. c. 150E, § 11. In *Lyons* v. *Labor Relations Comm'n,* 397 Mass. 498 (1986), we considered whether a prehearing dismissal was reviewable in the context of constitutionally based agency fee challenges. We stated that we interpreted "final orders" to include a prehearing dismissal "to avoid the constitutional difficulty that would attend an interpretation permitting only limited judicial review of claims predicated on the First Amendment rights of dissenting employees." *Id.* at 501, citing *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n,* 385 Mass. 70, 79 (1982).

The hospital has not argued that it is constitutionally entitled to review of the commission's prehearing dismissal. Nevertheless, we conclude that a prehearing dismissal is a "final order" under G. L. c. 150E, § 11. The statute classifies a prehearing dismissal as an order. *Id.* Moreover, "[t]here is no doubt that the commission's decision . . . was in a sense 'final' as it dismissed the petition." *Boston Hous. Auth.* v. *Labor Relations Comm'n,* 398 Mass. 715, 717 (1986) (petition for investigation under G. L. c. 150E, § 9A [1984 ed.]). Because the hospital exhausted its administrative remedies, review of the prehearing dismissal would not violate the primary concern of the "final order" requirement — allowing "a fair opportunity for administrative decision" before judicial involvement. *Lahey Clinic Found.* v. *Health Facilities Appeals Bd.,* 376 Mass. 359, 370 (1978). See *McKenney* v. *Commission on Judicial Conduct,* 380 Mass. 263, 266-267 (1980). The commission intended its dismissal to be the end of its involvement in this dispute; this decision is not part of a continuing sequence of commission involvement with these parties. Contrast *Worcester Indus. Technical Inst. Instructors Ass'n* v. *Labor Relations Comm'n,* 357 Mass. 118, 120 (1970) ("A commission decision and order for an

election has been held not to be a final decision in an adjudicatory proceeding subject to judicial review"; judicial review available "only after there has been a commission decision based upon an unfair labor practice"), citing *City Manager of Medford* v. *Labor Relations Comm'n,* 353 Mass. 519, 522-523 (1968). Finally, the complaining party here has a protected interest in the commission's decision, and is not merely acting "as a member of the public in calling a matter of public concern and the board's concern to the attention of the board." *Berman* v. *Board of Registration in Medicine,* 355 Mass. 358, 360 (1969).

The commission contends that judicial review of prehearing dismissals would unduly interfere with the discretion conferred on the commission by the statute. That argument is addressed more to the scope and standard of judicial review rather than to its availability. As the commission correctly points out, c. 150E, § 11, vests substantial discretion in the commission in its disposition of prohibited practice charges. The commission's role may be investigatory as well as adjudicatory. Moreover, the commission is empowered to dismiss a complaint not only on a finding of no probable cause to believe that a violation occurred, but also "if it otherwise determines that further proceedings would not effectuate the purposes of this chapter." *Id.* The commission is granted wide latitude in resolving complaints.

Judicial review of the commission's prehearing dismissals need not "involve[ ] any significant encroachment on the commission's discretionary authority." *Lyons* v. *Labor Relations Comm'n, supra* at 503. Chapter 150E, § 11, provides that judicial review of the commission's orders shall be governed by the provisions of G. L. c. 30A, § 14, "insofar as applicable."[2] The scope and standard of review will be determined

---

[2] As we stated in *Lyons* v. *Labor Relations Comm'n, supra* at 502 n.5, "we do not read into G. L. c. 150E, § 11, the limitation contained in G. L. c. 30A, § 14, that decisions arising from adjudicatory proceedings alone are subject to judicial review." We note that, because the standards of review contained in G. L. c. 30A, § 14 (7), are intended for review of adjudicatory agency proceedings, in some cases certain of those standards may not be "applicable," as required by G. L. c. 150E, § 11.

primarily by the nature of the commission's action, including the nature of the record generated in its proceedings, and the court "shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as the discretionary authority conferred upon it." G. L. c. 30A, § 14. "Commission decisions which legitimately fall within its discretionary powers will be sustained on review; its statutory authority therefore remains intact." *Lyons* v. *Labor Relations Comm'n, supra* at 503.

The commission argues with some force that judicial review of the facts supporting a prehearing dismissal would be inappropriate because of the limited nature of the record and the commission's broad discretion. Accordingly, the commission contends that we should not apply the substantial evidence standard, or the error of law standard where the law is bound up with the underlying facts. We need not reach this issue, however, and decline in this case to establish fixed standards of review for all commission actions. We reiterate the limited nature of judicial review of prehearing dismissals, based on the directive that the standards of G. L. c. 30A, § 14, shall govern only "insofar as applicable." G. L. c. 150E, § 11.[3]

As the charging party, the hospital had the burden before the commission of establishing that the union had engaged in prohibited practice by refusing to bargain collectively in good faith. See *Southern Worcester County Regional Vocational School Dist.* v. *Labor Relations Comm'n,* 386 Mass. 414, 418-419 (1982); *Trustees of Forbes Library* v. *Labor Relations Comm'n,* 384 Mass. 559, 566-567 (1981). As the party challenging the commission's action, the hospital also has the burden of showing that the commission's action was invalid. See *Bagley* v. *Contributory Retirement Appeal Bd.,* 397 Mass.

---

[3] We note, however, that a reviewing court may "remand the matter for further proceedings before the agency." G. L. c. 30A, § 14 (7). In certain cases, such as when a party asserts a constitutional right, the court may order findings or other development of a record by the commission. Cf. *Leahy* v. *Local 1526, Am. Fed'n of State, County & Mun. Employees,* 399 Mass. 341, 348 n.4 (1987); *Lyons* v. *Labor Relations Comm'n,* 397 Mass. 498, 502 (1986), citing *Chicago Teachers Union Local 1* v. *Hudson,* 475 U.S. 292, 307 n.20 (1986).

255, 258 (1986); *Almeida Bus Lines* v. *Department of Pub. Utils.*, 348 Mass. 331, 342 (1965). At no point has the hospital alleged facts which would establish that the union was involved in the employees' refusal to wear the jackets, and that the union had refused to bargain in good faith. The hospital's allegations amount to no more than speculation and conclusory statements, and rely almost exclusively on the union's failure to deny, rather than allegation of facts supporting, union participation. The hospital did not allege sufficient facts to support its claim that the union committed prohibited practice by refusing to bargain in good faith. By analogy, we note that the hospital has not alleged sufficient facts to withstand a motion to dismiss for failure to state a claim, Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974), or a motion for summary judgment, Mass. R. Civ. P. 56, 365 Mass. 824 (1974). Accordingly, we conclude that the commission acted within its discretion in dismissing the hospital's complaint.

*Decision of the Labor Relations Commission affirmed.*

LIACOS, J. (concurring). I agree with the result the court reaches in this case. I do not believe, however, that the Labor Relations Commission's dismissal of the hospital's complaint constitutes a "final order" for purposes of G. L. c. 150E (1984 ed.). Nor do I believe that the principal cases the court cites lend support to its conclusion. Accordingly, I write briefly to clarify my understanding of our holdings in *Lyons* v. *Labor Relations Comm'n,* 397 Mass. 498 (1986), and *Boston Hous. Auth.* v. *Labor Relations Comm'n,* 398 Mass. 715 (1986).

In *Lyons* v. *Labor Relations Comm'n, supra* at 501-502, our overriding concern was to protect the constitutional rights of dissenting employees who objected to a union's "spending of a part of their required service fees to contribute to political candidates and to express political views unrelated to its duties as exclusive bargaining representative." *Lyons* v. *Labor Relations Comm'n, supra* at 501, quoting *Abood* v. *Detroit Bd. of*

*Educ.,* 431 U.S. 209, 234 (1977). Our focus was not what level of commission decision was involved. Rather, we were considering the finality and appealability of "any decision by the commission . . . which effectively determines the outcome of a constitutionally based challenge of an agency fee" (emphasis supplied). *Lyons, supra* at 502. Prehearing dismissals with such effect will be construed as final orders under G. L. c. 150E, § 11, subject to judicial review pursuant to the provisions of G. L. c. 30A, § 14 (1984 ed.). In my view, prehearing dismissals without such effect should not be so construed. For it was our concern that "the courts remain available as the ultimate protectors of constitutional rights," *Lyons, id.,* quoting *Chicago Teachers Union Local 1* v. *Hudson,* 475 U.S. 292, 307 n.20 (1986), and not the type of agency decision involved, which animated our analysis in *Lyons.*

Nor does our reasoning in *Boston Hous. Auth.* v. *Labor Relations Comm'n, supra,* support the court's broad conclusion that "a prehearing dismissal is a 'final order' under G. L. c. 150E." The court quotes from that case as follows: "There is no doubt that the commission's decision . . . was in a sense 'final' as it dismissed the petition." *Ante* at 747. That statement, however, is clearly limited by the next two sentences. "Moreover, the dismissal was based upon the commission's view that it lacked jurisdiction to proceed . . . . Because the commission's action was predicated on its view that it lacked jurisdiction, it is not necessary to reach the question whether every dismissal of a petition to investigate . . . is . . . appealable under § 11." *Boston Hous. Auth.* v. *Labor Relations Comm'n, supra* at 717. Thus, the jurisdictional ground for the commission's dismissal was the key to our conclusion regarding its status as a "final order."

To my mind, cases where First Amendment rights are clearly implicated, as in *Lyons, supra,* and where the agency decides erroneously that its jurisdiction does not extend to a particular matter, as in *Boston Hous. Auth.* v. *Labor Relations Comm'n, supra,* differ significantly from the case at hand. The hospital cites to us no case extending the status of "final order" to prehearing dismissals of the commission in areas other than

these. It seems a sweeping, and unwarranted, stretch of our prior cases for this court to decide this claim that the union violated G. L. c. 150E, because it was involved in the refusal of some maintenance employees to wear the jackets. Nothing in the issues raised by this case warrants the extraordinary sweep of the court's holding.

Moreover, the inappropriateness of this court's review of lack of probable cause determinations of administrative agencies is demonstrated by the parties' dispute over the "facts" in the present case. Basically, there is no factual record before us. The union recites what it characterizes as facts; the hospital claims they are nothing but unsubstantiated conclusions and allegations. The attention of this court is not wisely focused on disputes at such a stage.

Finally, the union states that the subject of the hospital's charge is covered in their collective bargaining agreement and that the "dispute is [the] subject of a grievance in process through the grievance and arbitration procedure." The hospital does not appear to disagree. In my view, the far wiser course for this court would be to let the arbitration process run its course and not to involve ourselves in disputes of this nature. I would dismiss the appeal and let stand the decision of the Labor Relations Commission.