JULIET BAIRD ALEXANDER *vs.* LABOR RELATIONS COMMISSION. April 27, 1989. *Labor Relations Commission. Labor*, Judicial review.

This is an appeal from a prehearing dismissal, after an investigation, by the Labor Relations Commission (commission) of consolidated charges filed by Juliet Baird Alexander alleging prohibited labor practices. The first charge was against her employer, the Chief Administrative Justice of the Trial Court (employer), alleging violations of G. L. c. 150E, § 10 (*a*) (1)-(5) (1986 ed.), through a unilateral change in workplace and conditions of employment by providing computer assisted transcription (CAT) equipment to some of the official court reporters in Plymouth County. The second charge alleged violations of G. L. c. 150E, § 10 (*b*) (1)-(3) (1986 ed.), by Alexander's exclusive representative for collective bargaining, Office and Professional Employees International Union, AFL-CIO, Local 6 (union), in failing to act fairly to represent Alexander and others over the issue of the CAT equipment installation. The commission held an investigation, pursuant to G. L. c. 150E, § 11, and 456 Code Mass. Regs. § 15.04 (1986), following which it decided not to issue a complaint, and notified the parties that it was dismissing the charges. On request by Alexander that it review its determination, the commission reconsidered and subsequently affirmed the dismissal. Alexander appealed and we transferred the case to this court on our own motion. We affirm the decision of the commission.

A prehearing dismissal is a "final order" reviewable under G. L. c. 150E, § 11. *Quincy City Hosp.* v. *Labor Relations Comm'n*, 400 Mass. 745, 747 (1987). In our review of a prehearing dismissal, we are mindful that the commission has broad discretion under the statute to resolve complaints, *id.* at 748, and that the charging party has the burden before the commission of establishing that the prohibited practice occurred. *Id.* at 749. The record before us clearly supports the commission's determination that there was insufficient evidence to show either that the union breached its duty fairly

to represent Alexander or that the employer violated c. 150E through instal-lation of the CAT equipment. On a challenge of the commission's decision, the charging party must demonstrate that the commission's action was invalid. See *Quincy City Hosp.* v. *Labor Relations Comm'n, supra* at 749-750, and cases cited. Alexander's allegations on appeal amount to a belabored reiteration of her arguments to the commission along with conclu-sory statements which, at most, question the weight and credibility of the evidence. We conclude that the commission acted within its discretion in dismissing the charges without a hearing.

> *Order of the Labor Relations*
> *Commission affirmed.*

*Juliet Baird Alexander*, pro se.
*John B. Cochran* (*Gene M. Switzer* with him) for the defendant.