BOSTON POLICE SUPERIOR OFFICERS FEDERATION *vs.*
LABOR RELATIONS COMMISSION.

Suffolk. May 9, 1991. - August 13, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Labor Relations Commission. Labor*, Judicial review.

The Labor Relations Commission erred as matter of law in dismissing a
prohibited practice charge as time-barred under 456 Code Mass. Regs.
§ 15.03 (1986), where the alleged prohibited practice was of a continu-
ing nature and occurred within the six-month limitation period for fil-
ing the charge. [892-894]

APPEAL from a decision of the Labor Relations Com-
mission.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Alan J. McDonald* for the plaintiff.

*Jean Strauten Driscoll* for the defendant.

WILKINS, J. The Boston Police Superior Officers Federa-
tion (federation) has appealed, pursuant to G. L. c. 150E,
§ 11 (1990 ed.), from a prehearing dismissal by the Labor
Relations Commission (commission) of a charge alleging
that the Boston police department (department) engaged in
prohibited practices. See G. L. c. 150E, § 10(a) (1), (3) and
(5) (1990 ed.). In this appeal, which we transferred here
from the Appeals Court, the federation challenges the com-
mission's determination that the charge was time-barred by
its rule, contained in 456 Code Mass. Regs. § 15.03 (1986),
limiting the commission from entertaining a charge based on

a prohibited practice occurring more than six months prior to the filing of the charge, except for good cause shown.[1]

The facts on which the commission based its decision are not in dispute. In January, 1988, Sergeant William Broderick, then a vice president of the federation, sought permission from the department to practice law during his off-duty hours. Prior to this request, the department had promptly granted such permission to several police officers, in accordance with a rule permitting employees to engage in off-duty employment subject to certain limitations and to approval by the police commissioner. In March, 1988, the department told Broderick that the off-duty employment policy was under review and that no action would be taken on his application pending this review. In December, 1988, a department attorney testified in another matter that Broderick's request would be held until review of the policy was completed. In November, 1989, having heard nothing further, Broderick sent a letter to the police commissioner, stating in effect that he would assume that the department had approved his request unless it notified him in writing and provided the basis for denial. On December 16, 1989, Broderick received a letter from the department stating that his request had "not been approved" and that it, along with the off-duty practice rule, were "under review." On January 17, 1990, the federation filed the charge with the commission, alleging that since December 1, 1989, the department had denied "Broderick permission to practice law on off duty time in retaliation for his exercise of protected concerted activities, and to discourage him in the exercise of union activity."

---

[1]Section 15.03 of 456 Code Mass. Regs. provides: "Except for good cause shown, no charge shall be entertained by the Commission based upon any prohibited practice occurring more than six months prior to the filing of a charge with the Commission."

Section 15.03 is not expressed precisely in the form of a statute of limitations, that would become important in a proceeding only if pleaded by one charged with the violation of certain rights. It is phrased somewhat in the nature of a jurisdictional test. The federation does not argue that the department may not invoke § 15.03 on its own motion.

On May 21, 1990, after conducting an investigation, the commission dismissed the charge on the ground that there was no probable cause to believe that the charge was filed within six months of the date when Broderick should have known that the department was unlawfully failing to respond to his request. See *City of Pittsfield*, 4 M.L.C. 1905, 1908 (1978) (six-month period does not begin to run until complainant knew or should have known of the alleged violation). The commission also concluded that there was no probable cause to believe that the alleged violation was of such a continuing nature that the six-month rule of limitations could be avoided. We conclude that, as a matter of law, the reasons the commission advanced for its dismissal of the complaint lack merit.[2]

The commission's prehearing dismissal was a "final order" reviewable under G. L. c. 150E, § 11. *Quincy City Hosp.* v. *Labor Relations Comm'n*, 400 Mass. 745, 747 (1987). In conducting this review, we are governed "insofar as applicable" by the provisions of G. L. c. 30A, § 14 (1990 ed.). G. L. c. 150E, § 11 (1990 ed.). We may not disturb the commission's decision unless "the substantial rights of any party have been prejudiced" for one of the reasons set forth in G. L. c. 30A, § 14 (7). We generally accord considerable deference to the commission's disposition of a charge. See *Quincy City Hosp.* v. *Labor Relations Comm'n, supra* at 748; *Brookline* v. *Commissioner of the Dep't of Envtl. Quality Eng'g*, 398 Mass. 404, 411 (1986). No such deference is appropriate, however, when the commission commits an error of law. See G. L. c. 30A, § 14 (7) (c) (agency decision "[b]ased upon an error of law").

The federation alleged that since December 1, 1989, the department had engaged in a prohibited practice by denying Broderick permission to practice law on his off-duty time in retaliation for his exercise of protected union activities. The commission did not decline to issue a complaint against the

---

[2]We do not consider reasons in support of the commission's decision that are advanced for the first time in its brief filed in this appeal.

department based on its assessment of the substance of the claim, but rather it decided that the federation came to the commission too late. In so ruling, the commission committed an error of law.

Even if the department may have wrongfully denied Broderick his rights from some time early in 1988 and even if Broderick should reasonably have known of that denial sometime in 1988 (a doubtful point on this record which we shall assume in favor of the commission), the fact remains that, on the federation's allegations, the department continued to deny Broderick his rights to a time within six months of the filing of the charge. The commission could not properly dismiss the charge simply because § 15.03 speaks of a prohibited practice that occurred more than six months before the filing of the charge. Although certain prohibited practices may have occurred more than six months before the federation filed its charge, an alleged prohibited practice occurred more recently. The department's response of December, 1989, to Broderick's request was within six months of the filing of the charge. The department's failure to act at that time was an alleged independent wrong, making the bar of § 15.03 inapplicable to the charge in this case. See *Chesapeake & Potomac Tel. Co.* v. *National Labor Relations Bd.*, 687 F.2d 633, 638 (2d Cir. 1982).

Broderick was entitled to an answer from the department within a reasonable time. As to his future right to practice law part-time, he remained entitled to an answer even more than six months after a reasonable time had passed. If in December, 1989, the department failed to act in unlawful retaliation against Broderick, it would be unfair to deny Broderick any chance of agency relief simply because he should have known that the department had committed the same wrong, as to his earlier right to practice, more than six months earlier. There is no warrant for denying Broderick prospective relief simply because he could have complained sooner. The commission's interpretation of its regulation encourages the filing of possibly premature charges and certainly encourages the filing of unnecessary charges. More im-

portantly, the commission's interpretation of its regulation unlawfully rejected a charge based on a wrong allegedly committed within six months of the filing of the charge.[3]

The order of the Labor Relations Commission dismissing the charge is vacated, and the matter is remanded to the commission for further consideration whether the matter should proceed to complaint. Another portion of the commission's decision has not been challenged on appeal and stands unaffected by this opinion.

*So ordered.*

---

[3]We need not reach the question whether the department's conduct was a continuing wrong, a position the commission rejected without explanation. See *Lynn Teachers Union, Local 1037* v. *Massachusetts Comm'n Against Discrimination*, 406 Mass. 515, 522-523 (1990) (continuing violation in employment discrimination); *Mack* v. *Great Atl. & Pac. Tea Co., Inc.*, 871 F.2d 179, 183 (1st Cir. 1989) (same).