BRUCE FELTON *vs.* LABOR RELATIONS COMMISSION. No. 91-P-386. September 9, 1992. *Labor,* Fair representation by union. *Labor Relations Commission. Limitations, Statute of.*

Bruce Felton appeals from a prehearing dismissal by the Labor Relations Commission of his charge that the union which represented him committed a prohibited labor practice by failing to represent him in good faith. The commission dismissed the charge on the ground that it was tardily filed and on consideration of the merits. As to the underlying procedural framework, see *Quincy City Hosp.* v. *Labor Relations Commn.*, 400 Mass. 745, 746-750 (1987); *Alexander* v. *Labor Relations Commn.*, 404 Mass. 1005 (1989); *Boston Police Superior Officers Fedn.* v. *Labor Relations Commn.*, 410 Mass. 890, 892 (1991). We affirm.

On the basis of a string of disciplinary complaints against him, the last of which concerned a threat of bodily harm to the director of affirmative action at North Central Correctional Institution at Gardner (NCCI/Gardner), Felton was fired from his job as a correctional officer at NCCI/Gardner. Felton initiated grievance proceedings through his union, Local 760 of the American Federation of State, County and Municipal Employees, Council 93. After taking the case through four steps of grievance procedure, the union decided not to press it to the next step of arbitration. Felton's dissatisfaction with the union's discharge of its duty of fair representation (see G. L. c. 150E, § 10[*b*][1]; *Pattison* v. *Labor Relations Commn.*, 30 Mass. App. Ct. 9, 10-16 [1991]) is not only that it would not pursue his claim that NCCI/Gardner had unjustly discharged him, but that it misled him into understanding that arbitration had been demanded and would proceed.

1. *Violation by the union of the duty of fair representation.* The commission investigated Felton's charge and found that the union may, indeed, have neglected to inform Felton that it was not carrying his case up a further rung of the grievance ladder but that, in deciding not to press for arbitration, the union had acted lawfully, i.e., by a vote of the local's executive committee and based on a reasonable sizing up of the merits of Felton's case. Its investigation, the commission decided, did not generate probable cause to believe that the union had treated Felton differently or that the determination not to press his case had been colored by arbitrariness, bad faith, or unfair discrimination. See *Trinque* v. *Mount Wachusett*

*Community College Faculty Assn.*, 14 Mass. App. Ct. 191, 199-200 (1982). That the union may have dropped a stitch (the union did not concede that it had) in failing to keep its member posted, did not, the commission determined, cause the union's decison about Felton's case to be less fair or objective. In the resolution of complaints at the prehearing stage, the commission enjoys broad discretion. *Quincy City Hosp.* v. *Labor Relations Commn.*, 400 Mass. at 748. *Alexander* v. *Labor Relations Commn.*, 404 Mass. at 1005. Respect is due the commission's accumulated expertness in labor relations law. *Pattison* v. *Labor Relations Commn.*, 30 Mass. App. Ct. at 16. Compare *Boston Police Superior Officers Fedn.* v. *Labor Relations Commn.*, 410 Mass. at 892 (deference not appropriate when the commission commits an error of law). Here the commission's determination is well supported by the record. Prior to the precipitating incident, there were, over a two-year period, fourteen documented occasions of reprimand, warning, or other sanction against Felton for disciplinary infractions. The union could rationally have concluded that Felton's unfair discharge claim was not a winner and that pressing it would squander the union's resources and credibility.

2. *Lateness of the charge of prohibited practice.* Asked to reconsider, the commission did so and supplemented its dismissal of Felton's charge of prohibited practice on the ground that he had filed his charge with the commission substantially later than the allowable six months following occurrence of the prohibited practice of which he complained. 456 Code Mass. Regs. § 15.03 (1986). See *Boston Police Superior Officers Fedn.* v. *Labor Relations Commn.*, 410 Mass. at 891. Compare the similar limitations period considered in *Belhumeur* v. *Labor Relations Commn.*, 32 Mass. App. Ct. 939, 940-941 (1992). Felton's grievance had been rejected by his employer in pre-arbitration stages culminating in December, 1986. The union's decision not to demand arbitration occurred sometime in 1987. Felton said he inquired of his union steward in January, 1988, about his case and continued inquiries each month through September, 1988. He said he was assured that the case was proceeding. Later in September, 1988, and thereafter, Felton no longer received responses from the union steward, either to phone calls or to a letter sent in October. He did not inquire about the case again until his lawyer did so in his behalf in August, 1989. The union responded September 11, 1989, with a file of documents and reported that it regarded the case as closed. Felton filed his prohibited practice charge with the commission on March 1, 1990.

Necessarily, Felton's position is that the ground for his complaint against the union did not occur until he received the union's communication of September 11, 1989. He relies on the principle that a cause of action accrues "on the happening of an event likely to put the plaintiff on notice." *Hendrickson* v. *Sears*, 365 Mass. 83, 89-90 (1974). *Flynn* v. *Associated Press*, 401 Mass. 776, 780 (1988). A wrong, however, is not inherently unknowable if the injured party, in the exercise of reasonable dili-

gence, should have known of the factual basis for the wrong. *Gore* v. *Daniel O'Connell's Sons, Inc.*, 17 Mass. App. Ct. 645, 647 (1984). Assuming that the union's refusal to demand arbitration and failing to so notify Felton was an inherently unknowable wrong and assuming the discovery rule applies in this context, Felton's apprehension should reasonably have been aroused in the fall of 1988 when he heard nothing from the union after September, 1988, prior to which he had received monthly assurances. The discovery rule starts a limitations period running when events occur or facts surface which would cause a reasonably prudent person to become aware that she or he had been harmed. *Malapanis* v. *Shirazi*, 21 Mass. App. Ct. 378, 383 (1986). *Hanson Hous. Authy.* v. *Dryvit Sys., Inc.*, 29 Mass. App. Ct. 440, 446 (1990). We think the commission acted within its discretion in deciding that Felton had delayed unreasonably in waiting ten months for a response from the union without inquiry or action on his part. There was not in this case a repetitive wrong which renewed the starting of the six-month period. Compare *Boston Police Superior Officers Fedn.* v. *Labor Relations Commn.*, 410 Mass. at 893.

The commission's order dismissing Felton's charge of prohibited labor practice is affirmed.

*So ordered.*

*Gregory J. Angelini* for Bruce Felton.
*Jean Strauten Driscoll* for Labor Relations Commission.