MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION
*vs.* LABOR RELATIONS COMMISSION.

Suffolk. January 3, 1994. - February 7, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Labor Relations Commission. Labor*, Judicial review, Collective bargaining, Health benefit plan. *Group Insurance Commission. Public Employment*, Collective bargaining.

The Commonwealth, as employer and acting through the Executive Office for Administration and Finance, had no obligation to bargain over the decision (as opposed to the impact of the decision) by the Group Insurance Commission (GIC) to alter health insurance coverage enjoyed by a union's Statewide bargaining unit, where it was inherent in the statutory scheme that the Commonwealth had no authority or control over the GIC. [8-9]

APPEAL from a decision of the Labor Relations Commission.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John J. Kenney, Jr.*, for the plaintiff.

*John B. Cochran* for the defendant.

*Margery E. Williams*, for Massachusetts Teachers Association, amicus curiae, submitted a brief.

WILKINS, J. The plaintiff union has appealed from a decision of the Labor Relations Commission dismissing, without a hearing, a charge by the union that the Commonwealth, through the Executive Office for Administration and Finance, had engaged in a prohibited practice within the meaning of G. L. c. 150E, § 10 (*a*) (1) and (5) (1992 ed.). We transferred the appeal here on our own motion.

The union complained to the commission that, effective February 1, 1992, the Commonwealth, as an employer, uni-

laterally reduced certain health insurance benefits enjoyed by the union's Statewide bargaining unit without affording the union prior notice and an opportunity to bargain over the change. The change in health insurance benefits was made by the Group Insurance Commission of the Commonwealth (GIC). See G. L. c. 32A (1992 ed.). Although, as employer, the Commonwealth declined to bargain with the union over the GIC's decision, it agreed to bargain over the impact of the change.

The commission concluded that there was "insufficient evidence to establish probable cause to believe that the GIC is an agent of the Employer or that the Employer possesses the authority to control the decision made by the GIC." Because the Commonwealth, as employer, had no authority or control over the GIC's decision, the commission concluded that the Commonwealth had no obligation to bargain over the decision to alter health insurance benefits, even though "health insurance benefits generally are mandatory subjects of bargaining."

This appeal presents only one issue, a question of law, which we consider under G. L. c. 30A, § 14 (7) (*c*) (1992 ed.). See *Boston Police Superior Officers Fed'n* v. *Labor Relations Comm'n*, 410 Mass. 890, 892 (1991).[1] It is undisputed that normally a public employer has the duty to bargain over health insurance benefits and such an employer would commit a prohibited practice (G. L. c. 150E, § 10 [*a*] [1] and [5]) in changing health insurance benefits without first bargaining over the subject. The question is whether the Commonwealth, as employer and acting through the Executive Office for Administration and Finance, is relieved of that normal mandate because the GIC, a commission not under the jurisdiction of that office (see G. L. c. 32A, § 3), in its

---

[1]The union does not challenge the commission's dismissal of the charge without holding a hearing. The amicus brief complains that there should have been a hearing, but does not suggest how such a hearing would have helped answer the question of law. In any event, we normally do not consider nonjurisdictional issues raised only by an amicus. *Brookline* v. *The Governor*, 407 Mass. 377, 382 n.5 (1990).

discretion negotiated health insurance coverage (G. L. c. 32A, § 4) that was less beneficial to the union's members than that otherwise provided under their collective bargaining agreement.

The commission correctly concluded that, because the Executive Office for Administration and Finance, acting for the Commonwealth, had no control over the GIC, the Commonwealth was relieved of any obligation to bargain over the decision (as opposed to the impact of the decision) to alter health insurance coverage.[2] It is inherent in the statutory scheme that the Commonwealth, as public employer, and the union have no control over the GIC's decision. As the employer agreed, however, the impact of that decision remained subject to bargaining.[3]

*Decision of the Labor
Relations Commission affirmed.*

---

[2]That position is consistent with the position the commission had taken in *Board of Regents of Higher Education*, 19 M.L.C. 1248, 1265 (1992) ("Because the Board of Regents had no ability to control the decision of the GIC, it had no duty to bargain about the GIC's decision to change insurance") and later took in *City of Somerville*, 19 M.L.C. 1795, 1799 (1993) ("[w]here a third party [here, the Legislature] exercises its authority to change specific requirements concerning the terms or costs of health insurance coverage, the public employer may not be required to bargain over the third party's decision to make that change").

[3]What we say does not concern collective bargaining rights and health insurance coverage under G. L. c. 32B (1992 ed.) for employees of political subdivisions of the Commonwealth. See *Town of Ludlow*, 17 M.L.C. 1191, 1198 (1990) ("Therefore, we hold that a municipality may not unilaterally change provisions of an insurance plan without first giving the exclusive collective bargaining representative of the affected employees prior notice and an opportunity to bargain").