Burnes, J.
This is an action in which the plaintiff, Sarni Cleaners of Framingham, Inc. (“Sarni”), seeks damages against the defendant, Aldrich Clean-Tech Equipment Corp. (“Aldrich”), for claims sounding in conversion (Counts I and II), negligent and/or defective installation of equipment (Count III), and misrepresentation and/or fraud (Count IV). Aldrich now moves this Court to dismiss Sarni’s action pursuant to Mass.R.Civ.P. 12(b)(6) on the grounds that Sarni’s claims are time-barred under the relevant statute of limitation. For the reasons set forth below, Aldrich’s motion to dismiss is DENIED as to Count II and ALLOWED as to Counts I, III and IV.

BACKGROUND

Accepting as true the factual allegations of Sarni’s complaint and any inferences therefrom, the material facts for purposes of this motion to dismiss are as follows:
On November 1, 1994, Sarni and Aldrich entered into an agreement for services (“Agreement”) whereby Aldrich agreed to move all of Sarni’s dry cleaning equipment (“Old Equipment”) from its plant located at 2060 Commonwealth Avenue, Newton, Massachu *487 setts (“Old Plant”) to its present location at 47 Farwell Street, Waltham, Massachusetts (“New Plant”) for the amount of $36,000.00. On November 28, 1994, their initial Agreement was subsequently modified so that in addition to moving the dry cleaning equipment to the New Plant, Aldrich agreed to sell Sarni certain pieces of new dry cleaning equipment (“New Equipment") to replace some of the Old Equipment. Between the dates of November 28, 1994 and March 14, 1995 Sarni paid $99,925.00 to Aldrich as a deposit for the purchase of the New Equipment and for the moving and installation of the dry cleaning equipment in Sarni’s New Plant. During this same period, Sarni and Aldrich entered into another agreement that Aldrich would remove Sarni’s old dry cleaning equipment (“Old Equipment”), and Aldrich would then sell the Old Equipment and forward the proceeds from such a sale to Sarni.
On March 14, 1995, Aldrich removed the Old Equipment and installed the New Equipment, allegedly in an improper and defective manner. As a result of Aldrich’s alleged defective installment, Sarni experienced delays in its dry cleaning operations and received complaints from customers whose clothing was damaged.
Shortly after March 14, 1995, Sarni requested payment of the funds from Aldrich for the sale of its Old Equipment. Sarni subsequently discovered that Al-drich had either sold the Old Equipment without forwarding the proceeds to Sarni, or had not sold the Old Equipment as promised. Sarni made numerous demands upon Aldrich to return either the Old Equipment or the proceeds from the sale of such equipment. Aldrich has failed to do either.
On April 5, 1995, Sarni discovered that it had overpaid Aldrich in the amount of $47,658.10 of excess deposit funds and demanded the return of the overpayment. Rather than return the full amount of the excess deposit funds, however, Sarni and Aldrich agreed that Sarni would satisfy the balance of its existing service account with Aldrich by allowing Al-drich to retain $6,127.18. Aldrich then returned the amount of $41,530.93, the balance of the excess funds, to Sarni. Also on April 5, 1995, the parties entered into a service agreement (“Service Agreement") whereby Aldrich would service Sarni’s dry cleaning machines when repairs were necessary. As a condition of the Service Agreement, Sarni was to pay Aldrich $300.00 for each service call that Aldrich performed. Aldrich claims that this charge was intended to satisfy the past due balance that Sarni owed Aldrich on its service account.
From the period of April 5, 1995 to December 31, 1998, Sarni paid Aldrich $5,000.00. On December 31, 1998, Sarni inquired as to the charges it had been paying Aldrich. Aldrich allegedly stated that the periodic charges in the amount of $300.00 were being applied to Sarni’s past due account for services Aldrich previously rendered for Sarni. Sarni, claiming that it had already paid for these services, demanded the $5,000.00 back from Aldrich. Aldrich has failed to return these funds. On August 6, 1999, Sarni brought this complaint against Aldrich.

DISCUSSION

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.R 12(b)(6), the court must accept as true the pleaded factual allegations of the complaint, as well as any inferences which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). The complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." Nadar v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In fact, “dismissals on the basis of pleadings before the facts have been found, are discouraged.” Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987), citing Fabrizio v. Quincy, 9 Mass.App.Ct. 733, 734 (1980) (citations omitted).
I. Conversion of New Equipment (Count I)
The parties agree that the statute of limitations applicable to the plaintiffs conversion counts is G.L.c. 260, §2A. General Laws c. 260, §2A provides a three-year limitations period in which to bring actions of tort, actions of contract to recover for personal injuries and actions of replevin. The determination of when a cause of action “accrues” has generally been left to the courts by the Legislature. Franklin v. Albert, 381 Mass. 611, 617 (1980). In making this determination, the courts have been guided by the basic principle that “ ‘a cause of action accrues on the happening of an event likely to put the plaintiff on notice.’ Hendrickson v. Sears, 365 Mass. 83, 89-90 (1974), and cases cited.” Franklin, 381 Mass. at 618.
One is liable for the tort of conversion when the one who intentionally and wrongfully exercises acts of ownership, has control or dortiinion over personal property to which he has no right of possession at that time. See Spooner v. Manchester, 133 Mass. 270, 274 (1882). For purposes of calculating the statute of limitations for tort, the action is said to accrue at the time of the injury. See White v. Peabody Contstr. Co., Inc., 386 Mass. 121, 129 (1982).
Sarni alleges that Aldrich unlawfully withheld the excess money Sarni paid to it for sale of the New Equipment. According to Sarni’s complaint, the injury which occurred as a result of Aldrich’s wrongful conduct occurred on April 5, 1995, the date Aldrich allegedly wrongfully withheld the excess money that *488 Sarni paid. In these circumstances, the three year limitations period began to run on April 5, 1995 and expired on April 5, 1998, well before Sarni’s complaint was filed on August 6, 1999. Count I, therefore, is time barred.
II.Conversion of Old Equipment (Count II)
Aldrich claims that the injury in Count II occurred on March 14, 1995, the date Aldrich allegedly wrongfully exercised control and dominion over the Old Equipment. In its complaint, Sarni alleges that it was not until October 1996, when Aldrich refused to provide it with information about the sale of the Old Equipment or its whereabouts despite numerous written requests, that it became clear to Sarni that Aldrich intended to deprive it of the use of the Old Equipment.
Sarni asserts that on March 14, 1995, Aldrich installed the New Equipment and took possession of its Old Equipment in order to sell it. Thereafter Aldrich remained in possession of Sarni’s Old Equipment for purposes of effectuating the sale on behalf of Sarni. On September 22, 1996, Sarni made its first request for information regarding the sale of the Old Equipment. Aldrich provided an incomplete and evasive response which prompted Sarni to inquire further. In October 1996, Sarni again sent a notice to Aldrich, requesting information regarding its Old Equipment. Sarni once again received unresponsive answers from Aldrich. Sarni claims that not until this point in October 1996 did it realize that Aldrich intended to deprive Sarni of the use of the Old Equipment and use it for its own advantage.
As alleged by the two parties, there exists a factual dispute as to when Sarni was put on notice of the claim against Aldrich. See Riley v. Prisnell, 409 Mass. 239, 241 (1991) (factual disputes relative to the statute of limitations are to be resolved by the jury). Here, Sarni has met the minimal pleading requisites and has raised sufficient allegations as to when it should have been on notice of a claim of conversion against Aldrich to survive this present motion.
III.Negligent and/or Defective Installation of Equipment (Count III)
Aldrich asserts that Sarni’s claim for negligent and defective installation of equipment is barred by a three year statute of limitations. G.L.c. 260, §2A. In order to determine whether a cause of action should be categorized as a tort or contract for purposes of calculating statutes of limitation, the court must examine the entirety of the claim. Paglicuca v. City of Boston, 35 Mass.App.Ct. 820, 824 (1994). Afair readingof Sarni’s complaint suggests that all of Sarni’s losses resulted from Aldrich’s alleged negligence and, thus, are claims that sound in tort. Accordingly, the three year statute of limitations as set forth in G.L.c. 260, §2A, applies to Sarni’s complaint.
Sarni states in its complaint that Aldrich delivered and installed the New Equipment at its New Plant on March 14, 1995. Aldrich allegedly installed several pieces of the New Equipment in an improper and defective manner which caused the equipment to fail to operate. Further, Sarni states that it received complaints from customers that their clothing had been damaged. These allegations alone indicate that this situation was sufficient to put them on notice that they were injured from Aldrich’s conduct. The statute of limitations begins to run when the injured person has notice of the claim. See White, 386 Mass. at 130. The “notice” required is not notice of every fact which must eventually be proved in support of the claim. Rather, “notice” is simply knowledge that an injury has occurred. Id. The date of delivery was on March 14, 1995, thus, this is the date in which the statute of limitations begins to run. Sarni did not commence this action until August 6, 1999. Accordingly, Sarni has failed to meet the three year limitations period.
IV.Misrepresentation/Fraud (Count IV)
Sarni alleges in its complaint that beginning on April 5, 1995 continuing through December 31, 1998, it paid Aldrich $5,000.00 based upon Aldrich’s representations that it owed Aldrich money for the outstanding balance on its service account. Claims of misrepresentation are subject to G.L.c. 260, §2A, and therefore must be filed within three years from the date of injury, see McEneaney v. Chestnut Hill Realty Corp., 38 Mass.App.Ct. 573, 576 (1995), or, if the wrong is “inherently unknowable,” when the plaintiff knows or should know that she has been injured. See Riely, 409 Mass. at 245-48.
Here, Sarni admitted at oral argument that it kept payment records on file and also received periodic invoices from Aldrich beginning on April 5, 1995. In these circumstances, Sarni should have reasonably known what services it was paying Aldrich. See Felton v. Labor Relations Commn., 33 Mass.App.Ct. 926, 927-28 (1992) (plaintiff may be put on inquiry notice when informed of facts which suggest he has been injured). There was, in short, nothing inherently unknowable about Sarni’s misrepresentation cause of action. The cause of action accrued on April 5, 1995. Accordingly, Sarni did not bring its claim within the three year limitations period, thus, fails to bring a timely action.

ORDER

For the forgoing reasons, Aldrich’s Motion to Dismiss is ALLOWED as to Counts I, HI, and IV and is DENIED as to Count II.