NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-959

STEPHEN A. BORDEN

vs.

COMMONWEALTH EMPLOYMENT RELATIONS BOARD & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Stephen A. Borden, appeals from a decision by the defendant, the Commonwealth Employment Relations Board (CERB), affirming the dismissal of his charge of prohibited practice filed pursuant to G. L. c. 150E against the Boston Police Patrolmen's Association (BPPA).[2]  We affirm.

The Boston Police Department (BPD) employed Borden from 1982 to 1989.  In 1989, Borden was arrested and charged with drug trafficking.  Borden called BPPA seeking assistance with his case, but BPPA did not return his calls.  Borden was convicted of a misdemeanor and did not return to work at BPD. During the years since Borden was convicted, he has periodically

---

[1] Boston Police Patrolmen's Association.

[2] BPPA, the respondent to Borden's charge of prohibited practice, intervened in this appeal.

contacted BPPA, which has either acknowledged his reinstatement request, told him that they had no record of his employment, or not responded. Borden stated that he "was aware as far back as 1992 that his efforts to have the BPPA return his calls [were] futile."

In November 2022, Borden filed a charge of prohibited practice against BPPA, alleging that it failed both to represent him in his 1989 criminal case and to acknowledge his phone calls and written request. In February 2023, a Department of Labor Relations (department) investigator conducted an investigation into the allegations and dismissed the charge as untimely. Borden appealed the decision to CERB, which affirmed the dismissal on the same grounds.

We review CERB's decision in accordance with G. L. c. 30A, § 14(7). "A final administrative agency decision will be set aside if, among other grounds, it is [u]nsupported by substantial evidence, . . . or [a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law" (quotations and citations omitted). Commonwealth v. Commonwealth Employment Relations Bd., 101 Mass. App. Ct. 616, 622 (2022). "A commission's decision must be based on substantial evidence, i.e., such evidence as 'a reasonable mind might accept as adequate to support a conclusion.'" North

2

Attleboro v. Labor Relations Comm'n, 56 Mass. App. Ct. 635, 638 (2002), quoting G. L. c. 30A, § 1(6).

"Except for good cause shown, no charge shall be entertained by the Department based upon any prohibited practice occurring more than six months prior to the filing of a charge with the Department." 456 Code Mass. Regs. § 15.04 (2016). The limitations period runs from the time that the plaintiff's "apprehension should reasonably have been aroused . . . when he heard nothing from the [defendant]." Felton v. Labor Relations Comm'n, 33 Mass. App. Ct. 926, 928 (1992). "A wrong . . . is not inherently unknowable if the injured party, in the exercise of reasonable diligence, should have known of the factual basis for the wrong." Id. at 927-928.

Borden contends that he has shown good cause for his late filing because he made "continued attempts to seek redress." We disagree. "Upon its own motion or upon good cause shown by any of the parties to the proceeding, the Department may extend the time for the filing of such request for review." 456 Code Mass. Regs. § 15.05 (2016). "The commission has appropriately construed its rule [on the six-month time limitation to file a claim] to apply when the charging party knew or should have known of the alleged violation . . . and it is a generally recognized principle that lack of knowledge of a potential remedy does not excuse a procedural misstep -- especially where

3

it is in the nature of a jurisdictional prerequisite" (quotation and citation omitted).  Miller v. Labor Relations Comm'n, 33 Mass. App. Ct. 404, 408 (1992).

Here, Borden acknowledged that he was aware of the futility of his efforts as early as 1992, over thirty years before he filed.  Borden was entitled to present a claim to CERB at any time during the ensuing six months.  See Miller v. Bd. of Regents of Higher Educ., 405 Mass. 475, 480 (1989).  His periodic attempts to contact BPPA during that time period do not constitute good cause for filing his charge over thirty years late.[3]  Thus, CERB properly affirmed the department's dismissal of Borden's charge.  See Felton, 33 Mass. App. Ct. at 928 (commission acted within discretion by dismissing plaintiff's

---

[3] Borden also asserted that he received threats and was under duress from unnamed police officers, causing him to be unaware of the department and thus delaying his filing.  Borden does not demonstrate any relationship between the alleged threats and his ignorance of the department.  Thus, this argument does not rise to the level of adequate appellate argument.  See Commonwealth v. Beverly, 485 Mass. 1, 16 (2020), citing Mass. R. A. P. 16(a)(9) (A), as appearing in 481 Mass. 1628 (2019).

4

charge filed ten months after he received no response from his union).

Decision and order of the
   Commonwealth Employment
   Relations Board affirmed.

By the Court (Green, C.J.,
   Englander & Brennan, JJ.[4]),

Assistant Clerk

Entered:  April 24, 2024.

---

[4] The panelists are listed in order of seniority.