Barrett, J.
This is a complaint seekingjudicial review of a decision of the Board of Appeal on Motor Vehicle Policies and Bonds (Board) affirming á surcharge assessed against the plaintiff by the co-defendant Commerce Insurance Company (Commerce) arising out of a collision between the plaintiffs vehicle and another vehicle which took place on September 29,1992, while the plaintiff was making a left turn on to Cummings Street from Hyde Park Avenue in Boston. The case is before the court under the provision of G.L.c. 30A, §14. The Board determined that the plaintiff was more than fifty percent at fault for the accident.
At the hearing before the Board, the plaintiff presented a statement to the effect that the opposing vehicle entered the intersection at a high rate of speed and that the view of the plaintiff of the other vehicle was blocked by a third vehicle that was making a turn. The Board apparently accepted into evidence the statement of the plaintiff, the operator’s report, the accident report of the opposing driver, the police report, and photographs. The discussion of the Board in the record makes it clear that it decided the matter based on the evidence which it had before it and that it “. . . weighed the credibility of the appellant (plaintiff) as a witness against the evidenüaiy presumptions.” What is referred to as the evidentiary presumption is quoted by the Board as Standard of Fault 15 which the Board describes as in compliance with G.L.c. 175, §113P. In particular, the Board applied Standard 15 which reads as follows:
An operator of the vehicle subject to the Safe Driver Insurance Plan while making a legal or illegal u-turn across the path of travel of a vehicle moving in the opposite direction or while making a left turn across the path of travel of a vehicle moving in the opposition direction and is in collision with such vehicle, shall be presumed to be at fault in excess of fifty percent.
The court is troubled by the weighing, as it stated, the credibility of the appellant as a witness against the evidentiary presumptions. It is clear that once there is any evidence to the contrary before the tribunal, a presumption disappears and it is no longer available to be weighed against anything. See, for example, DiLoreto v. Firemens Fund Insurance Co., 383 Mass. 243 at 248 (1981). Handbook of Massachusetts Evidence, Liacos, Brodin and Avery, p. 235. The Board, in its decision, clearly failed to recognize the fragile nature of a presumption and assumed that the presumption survived the introduction of contrary evidence and, in some manner, was to be weighed against contrary evidence. This clearly was an error of law within the meaning of G.L.c. 30A, §14. The matter is to be remanded to the Board for further consideration in compliance with this decision.
ORDER
An order is to enter returning this case to the Board of Appeal on Motor Vehicle Liability Policies and Bonds for further consideration in accordance with this decision. SO ORDERED.