White, J.
Plaintiff Daniel S. Klein (Klein) brings this petition for judicial review of defendant Board of Appeal on Motor Vehicle Liability Policies and Bonds’ (the Board’s) decision denying his appeal of a surcharge imposed on him by defendant Commerce Insurance Company (Commerce). Klein asserts that the Board’s decision was not supported by substantial evidence. I find that because the Board’s decision is based on an error of law, I am unable to assess the evidence that was before the Board in an informed manner. I therefore REMAND the case to the Board for further consideration consistent with the concerns set out in this opinion.
BACKGROUND
In the early morning of January 1, 1995, while attempting to make a right turn onto a Storrow Drive access road from Cambridge Street in Brighton, Massachusetts, Klein’s car slid to the left side of the road and collided with a cement barrier. His was the only car involved in the accident. At the hearing before the Board, Klein raised the possibility that his car may have slid on black ice, and that this (rather than his own lack of care) may have caused the accident.
As a result of the accident, Klein’s insurance company, Commerce, determined that Klein was more than 50% at fault and levied a surcharge against him pursuant to G.L.c. 175, §113P, and 211 Code Mass. Regs. §74.04(19). Klein appealed Commerce’s determination at a hearing before the Board on October 27, 1995. By decision dated December 7, 1995, the Board upheld the surcharge. Klein now appeals to this court for judicial review pursuant to G.L.c. 175, §113P, and G.L.c. 30A, §14, on the ground that the Board’s decision was unsupported by substantial evidence.
*515 DISCUSSION
I. Standard of review
General Laws chapter 175, section 113P, governs appeals from the imposition of surcharges pursuant to the Commonwealth of Massachusetts’ Safe Driver Insurance Plan (the Safe Driver Plan). That statute permits individuals to appeal decisions of the Board to the Superior Court under G.L.c. 30A, §14. G.L.c. 175, §113P (para. 3).
In reviewing a state administrative decision under G.L.c. 30A, §14, the court:
. . . may affirm the decision of the agency, or remand the matter for further proceedings before the agency; or the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is . . . (b)ased on an error of law; or . . . [unsupported by substantial evidence . . . G.L.c. 30A, §14(7).
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liability Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. Mass. Bldg. Code Commission, 11 Mass.App.Ct. 333, 334-35 (1981), citing Almeida Bus Lines, Inc. v. Dept. of Public Utilities, 348 Mass. 331, 342 (1965). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. G.L.c. 30A, §14 (7); Flint v. Commissioner of Public Welfare, 412 Mass. 416, 424 (1992); Seagram Distillers Co., v. Alcoholic Beverages Control Commission, 401 Mass. 713, 721 (1988); Quincy City Hospital v. Labor Relations Commission, 400 Mass. 745, 748-49 (1987). The reviewing court may not substitute its judgment on questions of fact for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Commission, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977). “A court may not displace an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Southern Worcester, 386 Mass. at 420.
Upon reviewing the administrative record and the parties’ submissions in this case, I am unable to determine exactly what evidence the Board used in making its decision, and in what respect that evidence was persuasive. I also find that the Board’s decision was based in part on an error of law. Because I cannot be sure from the record whether Mr. Klein should, in fact, be considered more than 50% liable, I REMAND the case to the Board for further consideration.
II. The Board’s decision
As noted above, the Board reviewed Commerce’s determination that Klein was more than 50% at fault in the accident and therefore subject to a surcharge. Pursuant to G.L.c. 175, §113P, the Board has established “standards of fault” to be used by insurers in determining if a driver is more than fifty percent at fault in causing an accident. These presumptions as to fault are determinative unless a showing to the contrary is demonstrated by the evidence presented at the hearing. 211 Code Mass. Regs. §74.03 (effective date December 1, 1993). The presumptions are rebut-table. See, e.g., DiLoreto v. Fireman’s Fund Ins. Co., 383 Mass. 243, 248 (1981) (the evidentiary presumption created by 211 Code Mass. Regs. 74.04(18) (1978) did not violate due process, because it was rebuttable, and because there was a rational connection between the circumstances set out in the presumption and the occurrence of accidents).
In determining that Klein was more than 50% at fault, Commerce applied the standard of fault set out in 211 Code Mass. Regs. §74.04(19):
(19) Single vehicle collision. An operator of a vehicle subject to the Safe Driver Insurance Plan which is the only vehicle in an accident shall be presumed to be at fault in excess of 50%. 211 Code Mass. Regs. §74.04(19) (effective date December 1, 1993).
It is undisputed that Klein’s was the only vehicle in the accident: therefore, the presumption of fault in §74.04(19) applied, and Klein was required to submit some evidence to the contrary in order to rebut the presumption.
A review of the administrative record shows that, at the hearing before the Board, Klein argued that the presumption should not control the determination of fault, because in actuality the accident was caused by black ice on the road, rather than by his own lack of care.
In support of Klein’s argument, the Board had the following evidence before it:
(1) Klein’s statement, at the hearing, that “he must have slid on a patch of black ice”;
(2) Klein’s written statement on the appeal form submitted to the Board that “(t]he accident occurred because of black ice on the road. The ice was in the street on to which I was turning, and I could not see it until I was making the turn. I tried to stop, but instead skidded into a guard rail”;
(3) Klein’s statement, on the police report, that “(i]n mid turn, I hit a patch of ice, and the car skidded into the cement barrier” while he was traveling approximately 10 miles per hour; and
(4) excerpts from the Boston Globe, submitted by Klein, dated December 31, 1994, and January 1, 1995, making the following predictions about the weather:
*516 (a) December 31, 1994: “Some light snow and sleet developing after midnight . . . Tomorrow: Mixed precipitation inland will change to snow or rain.”
(b) January 1, 1995: “Freezing rain and rain across the interior. Significant icing is likely in the suburbs" (emphasis supplied).
In opposition to Klein’s argument, the Board had the following evidence:
(1) Information (not attributed to any source) that “The weather was clear and the road was dry”;
(2) An apparent contradiction in Klein’s testimony: at one point Klein “stated that he must have slid on a patch of black ice,” while at another point he testified “that the roads were fine and ... he was not sure if there was black ice on the roads.”
In addition to these references, the Board’s Statement of Reasons for Finding makes a number of conclusory statements about the findings warranted by the evidence:
(1) “In this case, ample evidence supports the Board’s conclusion that the appellant did not use due caution when attempting to make a right turn from an access road on to a main road and lost control of his vehicle.”
(2) “Based on review of all evidence and facts, the Board finds that the appellant did bear the burden of care under the specific circumstances that existed at the time and place of the incident and failed in exercising due care in the operation and control of the appellant’s vehicle by proceeding into a turn and lost control of his vehicle. See, 211 C.M.R. §74.04 (19).”
(3) “The Board has weighed the arguments of the appellant against the evidentiary presumption. In light of the fact that the evidence before the Board supports the presumption and the application of the Surcharge, the Board finds that the Surcharge has been properly applied.”
From the record it is not apparent upon what basis the Board made the decision that the evidence supported application of the presumption. Possibly, the Board found Klein’s testimony not to be credible (hence the reference to the apparent contradiction in his testimony) and chose not to give weight to the weather predictions made in the Globe. Alternatively, the Board may have felt that even if there was black ice on the road, Klein nevertheless breached his duty to anticipate the ice by driving more carefully. The decision to remand this case is made in part because, in order for the reviewing court to make an informed determination about the substantiality of the evidence, it must know what evidence in particular the Board relied upon, and in what respect that evidence was found persuasive.
Furthermore, it is not clear that the Board dealt with the evidentiary presumption of §74.04(19) in an appropriate manner.[2] For instance, in its Statement, the Board cites to 211 Code Mass Regs. §74.04(19) as a ground for its conclusion that “the appellant did bear the burden of care under the specific circumstances.” It appears, then, that the Board essentially considered the presumption established by §74.04(19) as a factor to be weighed against Klein’s assertion that the accident was not his fault. This is an inappropriate use of the presumption: where there is evidence tending to contradict an eviden-tiary presumption, the presumption disappears, and the evidence must be weighed independently of the presumption. See DiLoreto, 383 Mass. at 248. The Board’s decision seems, therefore, to have been grounded at least in part on an error of law. Because it is not clear what the correct result would be in the absence of this error, the case is remanded to the Board for further consideration.
ORDER
For the reasons discussed above, the case is REMANDED to the Board of Appeal on Motor Vehicle Liability Policies and Bonds for further consideration in accordance with this opinion.

This is a matter of some disagreement among Superior Court judges: it has not been resolved at the appellate level.
Some judges take the view that the presumption created by the relevant Standard of Fault should count as evidence to be considered in the Board’s decision. For example, where, as here, Klein was involved in a single-car collision (as described in the Standard of Fault set out in §74.04(19)), that fact should count as evidence against him.
Other judges take the view, however, that where there is any evidence tending to contradict the conclusion that the driver was more than 50% at fault, the evidentiary presumption should be ignored by the Board in reaching its conclusion.
Compare, e.g. Basuil v. Bd. of App. on Motor Veh. Liabl. Pol. & Bonds, Civil No. 942184 (Worcester Super. Ct. July 6, 1995) (Toomey, J.) (“Because Plaintiff conceded . . . that she was exiting from a ‘parked position,’ and had seen the approach of the vehicle with which her vehicle was in collision, the presumption of her greater fault prescribed by [the Code of Massachusetts Regulations] is applicable and constitutes ‘substantial evidence’ within G.L.c. 30, Section 14(7)”) with Yazbek v. Commerce Ins. Co., Civil No. 940343, 2 Mass. L. Rptr. 61 (Suffolk Super. Ct. April 21, 1994) (Barrett, J.) (“The court is troubled by the weighing, as it stated, the credibility of the appellant as awitness against the evidentiary presumptions. It is clear that once there is any evidence to lie contrary before the tribunal, a presumption disappears and it is no longer available to be weighed against anything . . . [The Board’s analysis] clearly was an error of law within the meaning of G.L.c. 30A, Section 14”).