St. Elizabeth's Hospital vs. Labor Relations
Commission & others.

Suffolk.   December 11, 1974. — January 16, 1975.

Present: HALE, C.J., ROSE, KEVILLE, & GRANT, JJ.

Labor.    Hospital.    State Administrative Procedure Act.    Words,
"Substantial evidence."

A determination by the Labor Relations Commission that two em-
ployees of a hospital were discharged for their activities on behalf
of a labor union was based on substantial evidence where it ap-
peared that they were dismissed less than a week after their union
activities began, that their immediate supervisor was aware of
these activities, that the discharging supervisor, who denied
knowledge of the employees' union activities, was probably aware
of them, and that the testimony of the hospital's witnesses re-
specting the reasons for the dismissals conflicted with those given
in personnel records and to the employees.   [783-784]

BILL IN EQUITY filed in the Superior Court on Septem-
ber 5, 1973.

The suit was heard by Good, Abrams, and Lynch, JJ.

Wilson D. Rogers, Jr. (Charles J. Dunn with him) for
the plaintiff.

Steven C. Kahn for the Labor Relations Commission.

Mark G. Kaplan for David Pearson & another.

HALE, C.J.   This case is before us on the appeal of the
plaintiff from a final decree entered by a three judge
panel of the Superior Court affirming and enforcing a
decision and order of the Labor Relations Commission
(Commission).   The Commission ordered the plaintiff to
cease and desist from committing certain specified viola-
tions of the State Labor Relations Law, G. L. c. 150A,
§ 4 (1), (3), and to take certain affirmative action to

remedy the violations, including the reinstatement of two employees with back pay. The plaintiff contends that the order should be set aside because it is unsupported by substantial evidence, as required by G. L. c. 150A, § 6 (*e*), and G. L. c. 30A, § 14 (8) (*e*), and because it is "[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." G. L. c. 30A, § 14 (8) (*g*). Although the hospital uses the language of c. 30A, § 14 (8) (*g*), in its argument, it does not expand on that language and relies instead on the claim that the order is unsupported by substantial evidence. It is by that standard that we test the validity of the order. See *Labor Relations Commn.* v. *University Hosp. Inc.* 359 Mass. 516, 521 (1971).

General Laws c. 30A, § 1 (6), defines "substantial evidence" as "such evidence as a reasonable mind might accept as adequate to support a conclusion." See Jaffe, Judicial Control of Administrative Action, 596-598 (1965). While a reviewing court must consider whatever evidence in the record fairly detracts from the weight of the evidence relied on by the Commission, *Cohen* v. *Board of Registration in Pharmacy,* 350 Mass. 246, 253 (1966), this does not permit a court to "displace an administrative board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Labor Relations Commn.* v. *University Hosp. Inc., supra,* at 521. *Universal Camera Corp.* v. *National Labor Relations Bd.* 340 U. S. 474, 488 (1951).

In the present case there was evidence that the two employees had been openly soliciting fellow employees on behalf of a labor union and that their immediate supervisor, Mrs. Gilraine, was aware of their activities. The individual who discharged the employees, one Yuknis, was Mrs. Gilraine's immediate superior and admitted knowing that such activities were widespread among Boston's numerous health-care facilities. While Yuknis denied any knowledge of those employees' organizational

activities before he discharged them, the Commission indicated its disbelief of his testimony. It was entitled on the basis of the evidence to infer that Yuknis and other supervisory personnel of the plaintiff knew what the two employees were doing. Contrast *National Labor Relations Bd.* v. *Joseph Antell, Inc.* 358 F. 2d 880, 882-883 (1st Cir. 1966).

There was also evidence that Mrs. Gilraine had cautioned the two employees against engaging in their organizational activities during working hours, but that she was entirely satisfied with the quality of their work. Their discharge occurred less than a week after their union activities began. The testimony of Yuknis and other witnesses for the plaintiff as to the reasons for the discharge conflicted with the reasons stated in the plaintiff's own personnel records signed by Yuknis and with the reasons given by Yuknis to the employees when he discharged them. The Commission was justified in drawing the inference that the employees were discharged by reason of their organizational activities and that the reasons given in the plaintiff's records and the testimony of its witnesses were pretextual. Compare *National Labor Relations Bd.* v. *Joseph Antell, Inc., supra,* at 883.

This is therefore not a case where the Commission failed to indicate "its disbelief of the . . . [plaintiff's] evidence . . . [or to base] its decision upon any direct evidence to the contrary." *Cohen* v. *Board of Registration in Pharmacy, supra,* at 252. Nor is it a case where the inferences drawn by the Commission from that evidence were "neither reasonable nor permissible." *Ibid.* We conclude that the decision and order of the Commission were supported by substantial evidence and should not be disturbed.

*Decree affirmed.*