BERTHA BARTLETT *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD & another. November 30, 1978. The judge apparently concluded that the only possible basis for the board's finding that Chief Bartlett's death was not caused "by hypertension or heart disease" (G. L. c. 32, § 94) was the hearsay evidence of Dr. Beam and that was not "substantial evidence" within the meaning of G. L. c. 30A, § 1(6). We need not decide whether unsubstantiated hearsay would constitute "substantial evidence" (see *Goodridge* v. *Director of the Div. of Employment Security,* 375 Mass. 434, 437 & n.2 [1978]), because the record shows that there was other evidence which supported the board's finding, including (a) the opinion expressed in the concluding paragraph of the autopsy report and (b) so much of the death certificate as attributed his death to "[c]erebral thrombosis," a term which, as we understand Dr. Tyler's testimony, places the cause in the brain rather than the heart, in contradistinction to the term "cerebral embolism." The latter evidence cannot be regarded as less than "substantial." Indeed, had there been no evidence on the issue other than the recital in the death certificate, the board would have been *compelled* to find that the cause of death was as stated therein. G. L. c. 46, § 19. *Mills* v. *Prudential Ins. Co.,* 1 Mass. App. Ct. 188, 190-191 (1973). Nor can the judgment be upheld on the ground that the board's decision was against

---

[2] Soto's remark followed a police officer's statement, upon counting the money found on Soto, that "There's $410 here."

the weight of the evidence, as the judge was without power to substitute his view for that of the board on that point, even though the evidence would have supported a contrary decision had the matter been before him de novo. *Maddocks* v. *Contributory Retirement Appeal Bd.*, 369 Mass. 488, 495 (1976). *Olde Towne Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.*, 372 Mass. 152, 154 (1977). *School Comm. of Wellesley* v. *Labor Relations Commn.*, 376 Mass. 112, 120 (1978). *St. Elizabeth's Hosp.* v. *Labor Relations Commn.*, 2 Mass. App. Ct. 782 (1975). The judgment is reversed. A new judgment is to be entered affirming the decision of the board.

*So ordered.*

*James H. Quirk, Jr.* for Barnstable County Retirement Association.
*Michael J. Barry*, Assistant Attorney General, for Contributory Retirement Appeal Board.
*Charles H. Riley, Jr.* (*Elizabeth Kunz* with him) for the plaintiff.