Burnes, J.
The plaintiff Lawrence General Hospital (“Lawrence General”) has filed a Chapter 30A complaint for judicial review of a final administrative agency decision, along with a request for declaratory relief. Lawrence General contends that the Division of Medical Assistance (“Division”) has incorrectly applied both state and federal regulations in its determination of eligibility coverage dates for the applicants. Lawrence General also seeks a declaration that the effective coverage date of an applicant for medical assistance who is eligible for Basic Coverage shall be the date the applicant makes his or her selection for managed care known to the Division. For the following reasons, the plaintiffs motion for judgment on the pleadings is allowed and the defendant’s motion for judgment on the pleadings is denied.
BACKGROUND
I. Milagros Britt
On November 4, 1997, Milagros Britt (“Britt”) was admitted to Lawrence General Hospital. On November 7, 1997, a MassHealth Benefit Request (MBR) was filed in hand at the Division’s Central Processing Unit. Attached to Britt’s MBR was a completed MassHealth Managed Care Enrollment Form (“Enrollment Form”), in which she selected the Greater Lawrence Health Center as her managed care provider.
On November 19, 1997, the Division issued a notice that Britt was eligible for MassHealth Basic Coverage, when she enrolled in a medical plan. The Division did not process Ms. Britt’s managed care selection filed with the MBR. So Britt filed a second enrollment form with the Division’s enrollment broker, Foundation Health, on December 8, 1997. This selection was processed on December 9, 1997 and coverage was established on December 11, 1997.
Lawrence General, on behalf of Britt, requested an appeal of the effective coverage date established by the Division. After an administrative hearing on January 15, 1998, the hearing officer issued a written decision on March 4, 1998, holding that Britt’s effective coverage date was November 19, 1997, the date that Britt was determined eligible by the Division. Although the hearing officer concluded that the effective coverage date was earlier than December 11, 1997, he did not find that coverage was afforded when the MBR and enrollment forms were contemporaneously filed on November 7, 1997.
II. Otemia Garcia
On October 25, 1997, Otemia Garcia (“Garcia”) was admitted to the Lawrence General Hospital. Two days later, on October 27, 1997, a MBR was filed in hand at the Division’s Central Processing Unit. Attached to Garcia’s MBR was a completed enrollment form, in which she elected Dr. Ali Mobayen as her managed care choice. This enrollment form was not processed. Garcia again informed the Division, through its enrollment broker, of her choice of Dr. Mobayen by telephone on December 13, 1998. Her managed care selection was processed and a date of December 13, 1997 was established for her Basic Coverage.
Lawrence General, on behalf of Garcia, requested an appeal of the coverage date established by the Division. After an administrative hearing conducted on January 15, 1998, a hearing officer approved the Hospital’s appeal, in part, by establishing that Garcia’s effective coverage date was November 7, 1997, the date she was deemed eligible by the Division.
DISCUSSION
Pursuant to the Massachusetts Administrative Procedure Act, judicial review of an agency decision is confined to the administrative record. G.L.c. 30A, §§14 (4), 14(5); Cohen v. Board of Registration in Pharmacy, 350 Mass. 246, 253 (1966). In reviewing an agency *387 decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and statutorily conferred discretion. G.L.c. 30A, §14(17); Flint v. Comm’r of Pub. Welfare, 412 Mass. 416, 420 (1991); Bartlett v. Contributory Retirement Appeal Board, 6 Mass.App.Ct. 948, 949 (1978). The Division of Medical Assistance “has considerable leeway in interpreting a statute it is charged with enforcing.” Martinez v. Comm’r of Public Welfare, 397 Mass. 386, 392 (1986) (quoting Grocery Mfrs. of Am., Inc. v. Department of Pub. Health, 379 Mass. 70, 75 (1979)). This principle, however, is “one of deference, not abdication,” and the court may overrule agency interpretations of statutes when those interpretations are unreasonable. Id. “(A]n agency’s interpretation of its own rule is entitled to great weight,” and it should be overturned only if it is “arbitrary or unreasonable.” Norwood Hospital v. Comm’r of Public Welfare, 417 Mass. 54, 58 (1994) (citations omitted). Furthermore, where the agency’s regulations have been properly promulgated, the agency’s regulations stand on the same footing as statutes and have the force of law. See City of Quincy v. Massachusetts Water Resources Authority, 421 Mass. 463, 468 (1995); Benevolent & Protective Order of Elks, Lodge No. 65 v. Planning Board of Lawrence, 403 Mass. 531, 550 (1998).
The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982) (citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977)). Further, the party appealing an administrative decision bears the burden of demonstrating that the decision is invalid. Merisme v. Board ofApp. On Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
The Division has statutory authority to “adopt, promulgate, amend and rescind rules and regulations suitable or necessary to the administration of the Medicaid program.” G.L.c. 118E, §12. Pursuantto that statute, the Division is required to “formulate such methods, policies, procedures, standards and criteria?as may be necessary for the proper and efficient operation of [medical assistance] programs in a manner consistent with simplicity of administration and best interests of the recipients." G.L.c. 118E, §12; see also G.L.c. 118E, §38(3).
Generally, in reviewing the interpretation of a statute or regulation by an administrative body, this court shall “give due weight to the experienced, technical competence and specialized knowledge of the agency." U.S. v. Jaycees, 391 Mass. 594, 600 (1984). “However, in the final analysis ‘[t]he duty of statutory interpretation is for the courts.’ ” Id. (quoting Sch Comm. of Wellesley v. Labor Relations Comm’n, 376 Mass. 112, 116 (1998)). The court cannot be bound to erroneous statutory interpretation or application of statutory requirements. Generally, courts ”accord[] considerable deference to the Commission’s disposition of a charge ... No such deference is appropriate, however, when the Commission commits an error of law.” Town of Wakefield v. Labor Relations Comm’n, 45 Mass.App.Ct. 630, 633 (1998) (quoting Boston Police Superior Officers v. Labor Relations Comm’n, 410 Mass. 890, 892 (1998)); see G.L.c. 30A, §14(7)(c).
The crux of this dispute concerns the effective coverage date for MassHealth Basic medical assistance. The plaintiffs, here, contend that the effective coverage date is the earliest date in which both the application and the managed care selection has been filed with the Division. The Division, however, contends that an applicant does not become a “member” of MassHealth Basic until the Division determines that an applicant is eligible. It argues that an applicant cannot be eligible until it makes such a determination. The Division envisions a two-step process, whereby the applicant must first be found eligible by the Division and then in the second phase, after the Division determines eligibility, the applicant may select a managed care provider; this it argues would prevent nepotism between a hospital and treating physicians and allow the patient to make an informed selection of his or her health care provider. The Division argues that the earliest time that coverage is available is not until after the Division determines that the applicant is eligible for MassHealth Basic coverage and the applicant selects a managed care provider.
According to 130 Code Mass. Regs. §505.005(E) (1997), entitled “Medical Coverage Date,” ”[p]ersons who meet the requirement of 130 C.M.R. 505.005 shall have medical coverage established as of the date they select or are assigned to a MassHealth Managed Care provider.” 130 Code Mass. Regs. §505.005(E).[1] (Emphasis supplied.) MassHealth Basic services are not available to its members until such member enrolls with a managed care provider. 130 Code Mass. Regs. §508.002 (1997). The procedure for selecting a Managed Care Provider is set forth in 130 Code Mass. Regs. §508.002(A), which states “[t]he Division will notify the member of the availability of MassHealth managed care providers in the member’s service area, and of the member’s obligation to select such provider within the time period specified by the Division.” That regulation goes on to state that ”[t]he member may select any provider from the Division’s list of MassHealth managed care providers in his or her service area, if the provider is able to accept new patients.”[2]
Here, both of the applicants selected a managed care provider contemporaneously with filing the MBR. Nowhere in the regulations is the applicant prevented from choosing a managed care provider without the assistance of the Enrollment Broker (“EB”). The hearing officer noted this in his decision when he stated “I am concerned by the fact that the Division’s counsel fails to point to, and no where can I find in the *388 regulations a requirement that an applicant must utilize the services of the Division’s HBA’s [Health Benefit Advisor] or await the provision of information from the EB before an effective coverage date may be established.”[3] Further, such a construction would be contrary to the plain language of the regulations.
Section 505.005 states that if an individual is eligiblethat is, if the individual meets certain conditionsthen such person shall have medical coverage established as of the date he or she selects a MassHealth Managed Care Provider.[4] Under the clear language of the Regulations, the plaintiffs are eligible for coverageand have coverageif they meet the requirements of §505.005, as soon as they select a provider. Section 505.005 “contains the categorical requirements and financial standards for MassHealth Basic.” 130 Code Mass. Regs. §505.005. According to this language, an individual is categoricallyabsolutely, without any qualifications eligible for MassHealth coverage so long as such person meets the requirements of that section. The Division has no discretion to deny coverage if the required conditions are met by the applicant. Thus, the Division has no decision to make; if an individual meets the conditions then such person, without question, is eligible for coverage.
The Division says that an applicant is not afforded coverage until it makes a determination of eligibility. However, if the Section 505.005(B) Eligibility Requirements are satisfied, then the Division has no discretion and no determination is to be made on the issue of eligibility. Accordingly, persons who meet the eligibility requirements of that section “shall have medical coverage established as of the date they select a Mass-Health Managed Care provider.” 130 Code Mass. Regs. §505.005(E).
According to the plain language of the regulations, the requirements for eligibility are specified; absent from the statute is any requirement that an individual is not eligible until the Division deems such person eligible. In other words, a person may be eligible for MassHealth Basic coverage as soon as the individual meets the requirements for eligibility set forth in 130 Code Mass. Regs. §505.005 and selects a MassHealth medical provider. Accordingly, Lawrence General Hospital’s motion for judgment on the pleadings is ALLOWED and the Division’s motion for judgment on the pleadings is DENIED.
The court may compel any action unlawfully withheld or unreasonably delayed if it determines that the substantial rights of any party have been prejudiced when the agency decision is: 1) based upon an error of law; 2) arbitrary or capricious; or 3) unsupported by substantial evidence. See G.L.c. 30A, §14(7)(c), (e), (g). This court finds that the Division’s decision is based on an error of law. As a result, the plaintiffs right to payment, a substantial right, has been unlawfully withheld and unreasonably delayed. The court will order that payment be made. In the circumstances of this case, there is no need to remand the matter to the Board of Hearings for further consideration.
Lawrence General also seeks a declaration that the effective coverage date, under the regulations at issue, of an applicant for medical assistance eligible for Basic Coverage shall be the date the applicant makes his or her selection for managed care known to the Division. The Division says Lawrence General is not entitled to declaratory relief on the ground that such relief is inconsistent with the Division’s reasons. For the reasons stated above, this court disagrees.
For the foregoing reasons, this court declares that under the regulations at issue here, the applicants are eligible for coverageand have coverageif they meet the conditions of §505.005, as soon as they select a provider.
ORDER
For all the foregoing reasons, it is hereby ORDERED that Lawrence General’s motion for judgment on the pleadings is ALLOWED,[5] and the Division’s cross-motion for judgment on the pleadings is DENIED. This court shall enter judgment reversing the decision of the Commissioner of the Division of Medical Assistance’s denial of coverage for Britt and Garcia for' services to them from the date they filed their Enrollment Form and MBR, unless it is otherwise barred. This court shall vacate that portion of the Board’s decision affirming the Division’s denial of coverage to Britt and Garcia for the time period in which the MassHealth Benefit Request, requesting Basic Coverage, was filed and these individuals were deemed eligible by the Division; and this court affirms that portion of the Board’s decision reversing the Division’s decision to deny coverage after the Division deemed Garcia and Britt eligible. This court shall declare and adjudge that under the regulations at issue in this case, Britt and Garcia are eligible for coverageand have coverageat the time each such individual filed the MBR with the Enrollment Form because Britt and Garcia met the conditions of §505.005.

 30 Code Mass. Regs. §500.005 sets forth the requirements for eligibility. Since the plaintiff filed the application for benefits, this regulation has been amended. This court, however, must look to the regulation in effect at the time the applications were filed.

 130 Code Mass. Regs. §508.002 now states “(a]ll MassHealth members must enroll with a MassHealth managed care provider. For MassHealth Basic members, services are available only as of the member’s enrollment effective date, as established by the Division in accordance with 130 CMR 508.002(1), with a MassHealth managed care provider. Subsection (I) of that section now reads ..."

 The hearing officer looked to the Division’s Protocol Document to support his position that the Division has a two-step eligibility process and that an applicant is eligible only after the Division deems such applicant eligible. As stated by Lawrence General, the Protocol Document was submitted by the Division to the Healthcare Finance Agency (“HCFA’j in order to justify its 1994 request for a Waiver of a portion of the Title XIX requirements. This Protocol Document, Lawrence General states, is a response to HCFA’s request for *389 supplemental information prior to the approval in order to ensure that applicants requiring managed care education would be properly serviced by the Division in a timely manner. However, nowhere in the submitted portions of the Protocol Document is the applicant prevented from choosing a managed care provider without the assistance of an EB. Nor does any portion of that document contained in the record state that an applicant is not eligible until the Division says that such person is eligible.

 Specifically Section 505.005(B), setting forth the eligibility requirements, states: “Long-term Unemployed. Individuals and couples under age 65 are eligible for Basic coverage provided they meet the following conditions:
1. they have been unemployed for more than one year, or, during the past 12 months have earned less than the minimum amount of earnings necessary to qualify for unemployment compensation:
2. they are not eligible for unemployment compensation;
3. they are not eligible for health insurance offered by the college or university which they attend;
4. they have no health insurance; and
5. they have gross income less than or equal to 133% of the federal-poverty level.
A member of a couple who is under age 65 is eligible for Basic coverage provided he or she meets the requirements in 130 CMR 505.005(B)(1) and his or her spouse is not employed more than 100 hours per month . . .
(3) EAEDC Recipients. Individuals and couples who receive EAEDC cash assistance are eligible for Basic coverage provided they have no health insurance.”

 The court has sufficient information to make a declaration as to the named parties before it. Lawrence General has sought this court to make a declaration, in part, as to other unnamed individuals. This court may not make such a declaration because it does not have sufficient information to make such a declaration at this time. Essentially, Lawrence General is requesting class relief as to parties not before the court without any class certification. The court declines to make a declaration for these unnamed parties. Lawrence General’s motion for judgment on the pleadings is allowed as to the named parties relating to services rendered to Britt and Garcia.