SEYMOUR W. BERMAN *vs.* BOARD OF REGISTRATION IN
MEDICINE.

Suffolk.    January 10, 1969. — February 6, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Mandamus.    Medicine.    Doctor.    Administrative Board or Officer.    State
Administrative Procedure Act.*

A proceeding under G. L. c. 112, §§ 61 and 62, by a board of registration
to suspend or revoke a license for specified cause would be an adjudica-
tory proceeding within c. 30A, § 1 (1). [359–360]

Mandamus at the instance of a member of the public asserting mal-
practice on the part of a physician did not lie to compel the Board of
Registration in Medicine to cite the physician for a hearing under
G. L. c. 112, §§ 61 and 62, on the possible suspension or revocation of
his license to practice medicine after the board had voted not to cite
him. [360]

PETITION for a writ of mandamus filed in the Superior
Court on January 25, 1968.

The case was heard by *Linscott, J.,* on demurrer.

*Frank E. Berman (J. Fleet Cowden* with him) for the
petitioner.

*Henry S. Healy,* Assistant Attorney General, for the
respondent.

WHITTEMORE, J.    This is an appeal from an order of the
Superior Court sustaining the respondent's demurrer to a
petition for writ of mandamus.    The petitioner is a citizen
of the Commonwealth and the brother and coguardian of
Edabeth Berman Katz, the victim of alleged malpractice by
two physicians, an anesthesiologist and an obstetrician, li-
censed to practice medicine in the Commonwealth.    See
G. L. c. 112, § 2.

The petition seeks to compel the board to cite the phy-
sicians for a hearing on the possible suspension or revoca-
tion of their licenses to practice medicine.    A demurrer was
sustained which asserted that the petition is insufficient in
law, the act sought is discretionary, the petition shows that

the board has exercised its discretion, and the petitioner lacks standing.

The petition alleges that on November 21, 1964, Mrs. Katz suffered severe brain damage during childbirth, resulting in the loss of all upper brain functions. This resulted from aspiration of vomit into her windpipe and lungs and consequent deprivation of oxygen for from twelve to fifteen minutes, while Mrs. Katz was under general anesthesia, and in the care of the physicians. The petition alleges various acts of alleged malpractice and that the obstetrician falsified medical records so that it would appear that accepted medical practice had been followed. It alleges that on October 28, 1966, the guardians of Mrs. Katz recovered a jury verdict against the physicians of $330,000. An exhibit shows a newspaper account that refers to an additional $53,000 awarded for medical expenses. The case was settled under an agreement for judgment for neither party.

Beginning March 20, 1967, Frank E. Berman, Esquire, father of Mrs. Katz, in a series of letters, made a detailed presentation of the complaint to the board including the transcript of the malpractice trial. He said that he would produce witnesses at a board hearing. On June 20, 1967, the secretary of the board wrote Mr. Berman that it would conduct its own investigation. On September 26, 1967, the secretary of the board informed Mr. Berman that the board at a meeting on September 21, 1967, as a result of its investigation of the matter, had voted not to cite the physicians for a hearing.

The statute (G. L. c. 112, §§ 61 and 62 [1]) authorizes the board after notice and hearing to suspend or revoke licenses

---

[1] "Section 61. [in part] Except as otherwise provided by law, each board of registration or examination in the division of registration of the department of civil service and registration, after a hearing, may, by a majority vote of the whole board, suspend, revoke or cancel any certificate, registration, license or authority issued by it, if it appears to the board that the holder of such certificate, registration, license or authority, is insane, or is guilty of deceit, malpractice, gross misconduct in the practise of his profession, or of any offence against the laws of the commonwealth relating thereto." "Section 62. [in part] Any person against whom charges are filed shall be notified of the hearing thereof, and may appear with witnesses and be heard by counsel."

for specified cause, including malpractice and gross misconduct. There can be no doubt that such a proceeding would be an adjudicatory proceeding, G. L. c. 30A, § 1 (1), and, if the petitioner were allowed to intervene, he would be a party, c. 30A, § 1 (3).

The statute, however, does not give the petitioner a legal right in respect of the decision to initiate or not initiate an adjudicatory proceeding under §§ 61 and 62. There is no suggestion of this in c. 112 and, of course, no such suggestion in c. 30A. The petitioner acts as a member of the public in calling a matter of public concern and the board's concern to the attention of the board. He has no right to participate in the board's decision whether to act under § 61. That the board has rules for adjudicatory proceedings is beside the point.

The petitioner asserts a right as a member of the public to present a public right. Assuming that he has the right to compel the board to consider whether to act in respect of a matter of public concern within its jurisdiction, brought to its attention (*Brewster* v. *Sherman*, 195 Mass. 222, 224, *Parrotta* v. *Hederson*, 315 Mass. 416, 418), the petition shows that the board has considered the matter. The petitioner in effect asserts the further right to bring a public action to review the board's preliminary discretionary decision not to act. There is no such right under our statutes or law. Relief under G. L. c. 30A, § 14, is available only as to adjudicatory proceedings and then only as to an aggrieved party. Compare G. L. c. 44, § 59, authorizing a taxpayer's suit to enforce that chapter. Mandamus does not lie to compel an administrative agency to perform a discretionary act. *Lehigh* v. *Commissioner of Pub. Health & Charities of Lawrence*, 310 Mass. 343, 344. Where a legal right is affected, abuse of discretion may amount to error of law. Here, however, there is no legal right. This court is not empowered to direct an administrative board how to perform its public duties. See *Associated Indus.* v. *Ickes*, 134 F. 2d 694, 700–705 (2d Cir.), vacated as moot, 320 U. S. 707.

If there is to be means whereby, in a flagrant case, a citizen who knows the facts can require a review of an administrative board's decision not to act under its statutory power, that is a matter for the Legislature. See, as to the possible desirability of such relief, Jaffe, Judicial Control of Administrative Action, c. 12, pp. 475–486. We do not know what the board's investigation revealed; on the allegations of the petition, we understand the petitioner's concern. There is, however, no basis for the court to assume jurisdiction.

*Order sustaining demurrer affirmed.*