van Gestel, Allan, J.
This matter returns to this Court on the pro se request of Martin Levy, D.M.D. (“Dr. Levy”) for reconsideration of his request for a temporary restraining order or preliminary injunction against the Board of Registration in Dentistry (the “Board”).

BACKGROUND

On May 31, 2007, this Court denied Dr. Levy’s initial request because of deficiencies in his pleadings. His complaint was not verified and he had no affidavit support for his request. Those deficiencies have now been corrected[1] with his filings on June 7, 2007. See Papers ##4 and 5.
Dr. Levy is a dentist who has practiced his profession in Massachusetts for essentially the past 35 years. He was first licensed on August 11, 1972. He is now threatened with the forced closure of his practice by the Board. While Dr. Levy has some “open” matters of an economic nature before the Board, with some of them already having been resolved with the patients, but still open on the Board’s docket, his major problem at this time flows from a criminal allegation lodged against him on April 27, 2007. It was then that he was arraigned in Plymouth District Court on three counts of indecent assault and batteiy pursuant to G.L.c. 265, sec. 13H. Dr. Levy has pleaded innocent to all charges and is on personal recognizance awaiting his trial. He denies the charges with exceptional vigor.
Attached to Dr. Levy’s amended verified Complaint, among other things, are copies of letters from female patients strongly supporting him, advising that they continue without fear or concern to remain as his patients and indicating that they will sustain harm if Dr. Levy’s professional services are stopped because they are in the midst of treatment regimens with him. See amended Complaint Exhibits E through K.
On May 24, 2007, the Board sent to Dr. Levy’s former attorney a letter, attached as Exhibit C to the amended Complaint, announcing that Dr. Levy must advise the Board whether he will execute a document voluntarily surrendering his dental license indefinitely. The Board asked for a response no later than “noon, Wednesday, May 31, 2007."[2] (Emphasis in original.) The Board’s Letter continued demanding that the surrender of his various licenses and the signed “voluntary surrender” form be delivered to the Board “no later than Wednesday, June 2, 2007 at 12:00 p.m."[3] (Emphasis in original.)
The Court has read in detail the seven-page, single-spaced “Voluntary Surrender Agreement,” amended Complaint Exhibit R, sent to Dr. Levy’s former attorney. It not only requires him to relinquish his license to practice “for an indefinite period,” it requires him to notify all patients that he has treated in the past three years “of his practice closing.” There are other equally serious requirements and admissions in the document that need not be recited here.
Dr. Levy was told by the Board that if he decided “not to enter into this [“voluntary”] Agreement, the Board [would] then issue an Order to Summarily Suspend his license to practice dentistry.” If it did that, the Board said that a public hearing would be held within seven days. He was also advised that “[u]pon issuance of this Order Dr. Levy must cease practicing dentistry until the hearing is held and the Board makes a determination in this matter.”
At oral argument, the Court was made aware that on June 8, 2007, such an Order of Summary Suspension has now issued in a matter captioned In the Matter of Martin A. Levy, DN License No. 11960, Board of Registration in Dentistry Docket No. DN-07-148.
This Court, of course, does not know all, or even most, of the factual background of Dr. Levy’s situation. It does, nevertheless, have a serious concern about the due process aspects of the Board’s actions. As it asked in the first hearing on this matter, should not Dr. Levy *510 be given notice and an opportunity to be heard before, not after, his license is suspended? The publicity of the criminal charges already have affected seriously his reputation in the community. Will not the closing of his practice by the Board be the final destruction of his 35-year professional career? Is there not a better way for the Board to address this situation?

DISCUSSION

It is in this posture that the Court must now reconsider and assess the elements set out in Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-17(1980), which must be met by Dr. Levy in order to get temporary or preliminary injunctive relief: is there a substantial likelihood of success on the merits; is there a substantial risk of irreparable harm; and what is the effect of balancing the equities between the parties. See also GTE Products Corp. v. Stewart, 414 Mass. 721, 722-23 (1993).
Further, this is one of those cases in which the public interest also must be considered. See Tri-Nel Management, Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001); Commonwealth v. MassCRINC, 392 Mass. 79, 88-89 (1984); Brookline v. Goldstein, 388 Mass. 443, 447 (1983).
This Court cannot, at this time, assay Dr. Levy’s ultimate likelihood of success on the merits of the criminal charges against him in the Plymouth District Court. But it is not those charges that are before it. Rather, it is the action by the Board before the criminal charges are resolved that is in issue. In that connection, the law requires some considerable deference by the Court to the Board, at least in the first instance. Courts are “not empowered to direct an administrative board how to perform its public duties.” Berman v. Board of Registration in Medicine, 355 Mass. 358, 360 (1969).
The Board’s letter to Dr. Levy threatened action pursuant to G.L.c. 112, sec. 52F, which reads:
The board may, without a hearing, suspend or refuse to renew a registrant’s license if the board finds that the health, safety, or welfare of the public warrants such summary action; provided, however, that the board shall, within seven days of such summary action, afford the registrant the opportunity of a hearing pursuant to chapter 30A. Any suspension imposed by the board shall remain in effect until the conclusion of the proceedings including judicial review thereof, unless sooner dissolved by a court of competent jurisdiction or withdrawn by the board.
Except for the criminal charges,[4] this Court finds nothing in the Board’s letter that suggests in any way “that the health, safely, or welfare of the public warrants such summary action.”
As for the criminal charges, this Court looks to the provisions in G.L.c. 112, sec. 52D as setting forth the more appropriate process for the Board to follow in Dr. Levy’s case. That section reads:
The board, after due notice and hearing, may suspend, revoke or cancel any certificate, registration, license or authority issued by it, of any dentist convicted in any court of the commonwealth of a felony related to the practice of dentistry.
(Emphasis added.)
Section 52D requires “due notice and hearing,” following a conviction. Dr. Levy has not been “convicted” of anything yet; only accused. Further, of course, he has had no “due notice and hearing” on the matter. “Constitutional due process requirements apply to board hearings and decisions.” Haley’s Case, 356 Mass. 678, 682 (1970).
The Fifth Amendment of the U.S. Constitution provides that “[n]o person shall ... be deprived of life, liberty, or property, without due process of law . . .” Similarly, the Fourteenth Amendment provides that “[n]o State shall. . . deprive any person of life, liberty, or property, without due process of law ...” As the Board itself concedes, see Opposition at p. 4, “the requirements of due process include ‘the right to be heard in a meaningful manner at a meaningful point’ prior to the deprivation of a meaningful property interest.” Goldberg v. Kelly, 397 U.S. 254, 267 (1970). The threats from the Board to Dr. Levy, prior to any trial on the criminal charges, seem to run head long into these constitutional provisions.
The Court also observes the significant differences between the present matter and those presented in Duby v. Baron, 369 Mass. 614 (1976), and Flynn v. Board of Registration in Optometry, 320 Mass. 29 (1945), and the four U.S. Supreme Court cases cited by the Board in its Opposition.
On the question of likelihood of success on the merits on the amended verified Complaint, at least insofar as it relates to the request for preliminary injunctive relief, this Court determines that Dr. Levy has met his burden.
Further, there quite surely is a substantial risk, indeed almost a certainly, of irreparable harm to Dr. Levy if his license remains suspended without a hearing, or even with a hearing before a conviction on the criminal charges. And the balance of harms between him and the Board clearly fall in his favor.
The public interest component is more difficult to assess. It is the Board’s duty to protect the public interest. At the same time, there is also a public interest component reflected in the letters from female patients supporting Dr. Levy and fearing the loss of his professional services in the midst of their treatment. Again, this Court concludes that there is no threat to the public interest if the Board follows assiduously the process set forth in G.L.c. 112, sec. 52D.[5] It is not dental treatment by Dr. Levy that is brought into question by the criminal charges.
*511 The Board, correctly, raises an issue of exhaustion of administrative remedies. See, e.g., Boston Edison Co. v. Brookline Realty & Investment Corp., 10 Mass.App.Ct. 64, 65 (1980) (related doctrines of primary jurisdiction and exhaustion of remedies apply, but a stay rather than a dismissal can sometimes apply). The action taken here does not attempt to interfere with those remedies by either Dr. Levy or the Board. Rather, it seeks to insure that those remedies can be pursued with the appropriate due process involved. In short, this Court intends and makes no judgment or order whatsoever regarding what action that the Board may take so long as Dr. Levy has a fair opportunity to be heard after a criminal conviction, if that in fact occurs.

ORDER

For the foregoing reasons, the Order of Summary Suspension in the Matter of Martin A. Levy, DN License No. 11960, Board of Registration in Dentistry No. DN-07-148, is hereby reversed; and the Board of Registration in Dentistry is restrained and enjoined from taking any further action to suspend, revoke or cancel any certificate, registration, license or authority issued by it to Martin Levy, D.M.D. until such time, if it happens, that he is convicted of, or pleads guilty to, the charges presently pending against him in the Plymouth District Court and, thereafter, upon due notice, Dr. Levy is granted a hearing pursuant to G.L.c. 112, sec. 52D, or until further Order of this Court or any appropriate appellate court upon a duly filed application therefor.

All further proceedings in this case are stayed pending the exhaustion of all administrative remedies in a manner consistent with this Order.

Hereafter, further matters in this case will be handled by the Justice in the “B” Session, to which this case was initially assigned.[6]

The pleadings still leave much to be desired and, thus, this additional urging to Dr. Levy to get an attorney.

May 31, 2007, was not a “Wednesday." The Court assumed that the Board meant Thursday.

Again, the Board selected “Wednesday” as a day for action by-Dr. Levy, and again, June 2, 2007, was not a Wednesday but rather a Saturday.

It is clear from the June 8, 2007 Order of Summary Suspension in Docket No. 07-148, wherein it is stated by Prosecuting Counsel that the “Order of Summary Suspension is based on the evidence presented to the Board that on or about April 3, 2007 [Dr. Levy] committed indecent assault and touching of Patient A, and made inappropriate remarks of a sexual nature to Patient A while she was seeking treatment from [Dr. Levy]. This position is confirmed in the Affidavit of Marsha R. Bird, the Board’s Counsel, that it is the criminal charges that are driving the present action by the Board. In para. 5 of her Affidavit, Ms. Bird states that if Dr. Levy voluntarily surrenders his license the "Board would reconsider this suspension when the criminal matter was resolved."

After all, the criminal charges were highly publicized in the local press. Patients that have concerns with Dr. Levy need not come to him for their dental work. Certainly his accuser can find another dentist if she feels it necessary.

This matter only came before this Court initially because of its assignment as the pro se Judge on the date of the first hearing and because it was a reconsideration of that first decision at the second hearing.