Curran, Dennis J., J.
Sarah Hougie seeks judicial review of the Board of Registration in Medicine’s discretionary decision to dismiss her complaint and not initiate further investigation of Dr. Jeffrey Spiegel. This matter is presently before the court on the Board’s motion to dismiss Ms. Hougie’s complaint. After reflecting on the issues presented in the Board’s motion, reviewing supportive and opposition papers, and a hearing, the Board’s motion is ALLOWED.
BACKGROUND
On July 30, 2007, Ms. Hougie underwent surgery at the hands of a licensed physician, Dr. Spiegel.-According to Ms. Hougie, Dr. Spiegel allowed medical students to operate on her without her knowledge or consent and that the surgery was unnecessary. Assuming the facts alleged in the complaint are true, Ms. Hougie alleges she has suffered mental distress and anguish.
Ms. Hougie filed a complaint with the Board on February 2, 2012 seeking its review of Dr. Spiegel’s conduct.[1] Dr. Spiegel responded to Ms. Hougie’s complaint. On May 29, 2012, the Board notified Ms. Hougie that no disciplinary action would be taken against Dr. Spiegel for the 2007 surgery, and that her complaint would be closed. Nonetheless, Ms. Hougie demanded further investigation of her claim. She first asked for reconsideration of her complaint on August 9, 2012, and subsequently filed four more complaints. The Board dismissed all of her complaints.
Ms. Hougie has now filed a complaint with this court, seeking review of the Board’s decision to dismiss her complaints and not further investigate Dr. Spiegel. Ms. Hougie asks this court to compel the Board to consider her complaints, investigate Dr. Spiegel’s conduct further, and initiate disciplinary proceedings against Dr. Spiegel. In its motion to dismiss Ms. Hougie’s complaint, the Board argues that: 1) this court lacks jurisdiction to review the Board’s decision; and 2) Ms. Hougie lacks standing.
DISCUSSION
A defendant may properly challenge a court’s subject matter jurisdiction and a plaintiffs standing to raise a claim by bringing a motion to dismiss under Mass.R.Civ.P. 12(b)(1) or (6). Doe v. The Governor, 381 Mass. 702, 705 (1980). In reviewing a motion to dismiss under Rule 12(b)(1) or (6), the court accepts as true the factual allegations in the plaintiffs complaint, as well as any favorable inferences reasonably drawn from them. See Nader v. Citron, 372 Mass. 96, 98 (1977).
Under G.L.c. 30A, §14, “any person or appointing authority aggrieved by a final decision of any agency in an adjudicatory proceeding” may seek judicial review with this court. This court is authorized to reverse, remand or modify an agency decision under an array of various statutory grounds, all of which are irrelevant here because the court is without jurisdiction to review the Board’s decision.
The court is limited in its authority to review decisions rendered by administrative agencies. Courts give deference to the Board’s expertise and experience in areas where the Massachusetts legislature has delegated to it decision-making authority. Mass. Inst. of Tech. v. Dep’t of Pub. Utils, 425 Mass. 856, 867 (1997). *495 Indeed, the court only has jurisdiction under G.L.c. 30A to review a final decision issued after an “adjudicatory proceeding.” G.L.c. 30A, §§1, 14. An “adjudicatory proceeding” is defined as “a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing.” G.L.c. 30A, §1(1). The court is aware of no statutory or constitutional right that would have required the Board to grant Ms. Hougie a hearing on her complaint.
Ms. Hougie seeks review of the Committee’s preliminary inquiry as to whether her complaint was frivolous. No agency hearing is required for such a determination because Ms. Hougie does not have a legal right to compel the Board to act on a matter that is entirely within its discretion. The relevant statutory authority requires a hearing only if the Complaint Committee finds reason to believe that a violation occurred, forwards the complaint to the Board, and the Board subsequently finds there is reason to believe that the there was, indeed, a violation for which the physician can be disciplined. G.L.c. 112, §61 (after notice and hearing Board can suspend or revoke licenses for specified cause); 243 Code Mass.Regs. §1.03(10).
The purpose of the adjudicatory hearing is to ensure that the licensed physician accused of misconduct has the opportunity to be heard before facing any possible disciplinary measures. The rights of the licensed physician are at issue because it is the physician who stands to lose his/her license to practice medicine. Indeed, if the Board suspends or revokes a physician’s license for specified cause then “there can be no doubt that such a proceeding would be an adjudicatory proceeding.” Berman v. Bd. of Registration in Med., 355 Mass. 358, 360 (1969).
Ms. Hougie has neither a statutory right to a hearing, nor any such right under constitutional law. The due process clause of the Fourteenth Amendment to the United States Constitution protects against deprivations of interests in “life, liberty or property, without due process of law.”[2] Hudson v. Comm’r of Corr., 431 Mass. 1, 7 (2000). Ms. Hougie has no liberty or property interest in the investigation and discipline of Dr. Spiegel, particularly when the decision to investigate further is discretionary. See Hoffer v. Bd. of Registration in Med, 461 Mass. 451, 455-56 (2012) (finding, inter alia, that in light of discretionary nature of Board’s determination, the plaintiff had no constitutional right to hearing on petition for reinstatement, and thus, the Board’s order was not the result of an adjudicatory proceeding).
A claim similar to Ms. Hougie’s was rejected in Berman, 355 Mass. at 360. There, the court found that “(t]here is no such right under our statutes or law” to “bring a public action to review the board’s preliminary discretionary decision not to act.” Id. The court held that G.L.c. 112 and G.L.c. 30A do not “give the petitioner a legal right in respect of the decision to initiate or not initiate an adjudicatory proceeding ...” Id. If a legal right is affected by the agency’s decision not to act, then the abuse of discretion may amount to an error of law. Id. The court concluded, however, that it was “not empowered to direct an administrative board how to perform its public duties.” Id.
Assuming that the facts of Ms. Hougie’s complaint are true, the court understands her concern in seeking redress for her injuries. The court is not aware what the Committee’s investigation revealed. However, because Ms. Hougie had neither a statutory nor a constitutional right to a hearing on the decision to dismiss her sundry complaints, the Board’s decision was not rendered in an adjudicatory proceeding so as to afford a right to review under G.L.c. 30A. See Hoffer, 461 Mass. at 455-56; Miller v. Alcoholic Beverages Control Comm’n., 340 Mass. 33, 34-35 (1959) (commission’s preliminary inquiry into whether to take action on taxpayers’ allegations under the discretionary power was not adjudicatory proceeding). This limitation on the court’s jurisdiction applies even if Ms. Hougie is merely seeking review of “the way that [the] decision was made” and not the “rights and wrongs of the decision.” Indeed, without jurisdiction, the courtis not authorized to review the Board’s decision-making process.
ORDER
For these reasons, the Board’s motion is ALLOWED. Ms. Hougie’s complaint shall be dismissed forthwith with prejudice.

Any person can make a complaint to the Board alleging that a licensed physician has engaged in misconduct. 243 Code Mass.Regs. §1.03(1) (1979). All complaints are reviewed by the Board’s Complaint Committee, which may determine that the complaint is “frivolous or lacking in either legal merit or factual basis,” or, after the physician has had the opportunity to answer the complaint, that “there is reason to believe that the acts alleged occurred and constitute a violation for which a registrant may be sanctioned by the board.” 243 Code Mass.Regs. §1.03(9). If the Committee comes to the latter conclusion, it forwards the complaint to the Board, and the Board shall require an “adjudicatory hearing if it determines” that there was a violation for which the physician may be disciplined. 243 Code Mass.Regs. §1.03(10). An adjudicatory hearing is defined as “a formal administrative hearing conducted pursuant to M.G.L.c. 30A.” 243 Code Mass.Regs. §1.01(2).

“[W]e have treated the procedural due process protections of the Massachusetts and United States Constitutions identically." Liability Investigative Fund Effort, Inc. v. Massachusetts Med. Prof'l Ins. Ass’n, 418 Mass. 436, 443 (1994).